Hubbell *v.* Sibley.

ALFRED S. HUBBELL, Trustee, &c., et al., Appellants, *v.* HIRAM SIBLEY, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

The statute providing for foreclosure of a mortgage by advertisement is to be complied with substantially, but with regard to the· objects intended by it.

An erroneous statement in the notice of sale, of matters not required by the statute to be stated, and which is calculated to mislead and to prevent bidding, will, it seems, render the sale void, but not if inserted by mistake and a correction published with the notice, before it can be presumed to influence persons desiring to bid.

As where by mistake the notice of sale stated a prior encumbrance upon the mortgaged property at twice its actual amount, but a correction was published with the notice for some two weeks previous to the sale.— *Held*, that the error did not vitiate the sale.

A statement in the notice that the premises are to be sold subject to a lease s surplusage, and does not avoid the sale, although the unexpired term is not stated.

Hubbell *v.* Sibley.

A sale is not invalid or irregular as to owners of judgment liens served with notice, on account of omission to serve other incumbrancers, nor for omission to serve the wife of the mortgagor who united in the mortgage

It seems a wife who joins with her husband in a mortgage of his real property is a mortgagor, but the sale is not invalid as to a judgment creditor, because she is not made party to the proceedings.

The mortgagee or owner of the mortgage may advertise and sell the property, although he becomes the purchaser and makes the affidavit which stands in place of a conveyance.

A mortgage sale under the statute, of mortgaged premises in gross, which have subsequently to the execution of the mortgage been divided into lots, is valid.

A jurat certifying the appearance of the affiant and administration of the oath to him, complies with section 11 of the statute. (2 R. S., 547.)

The limitation of ten years prescribed for commencement of actions by section 97 of the Code, applies to the action of a judgment creditor to redeem property sold under mortgage. (TALCOTT, J., dissenting.)

It seems that section 97 is applicable to all purely equitable actions, except those for relief on the ground of fraud.

ON the 1st day of December, 1846, James W. Sawyer and Alfred Hubbell were owners in fee of the lands described in the complaint, situated in the city of Rochester. On that day they gave the defendant a bond for $7,000, payable in five years with interest semi-annually. And to secure the payment of that sum they, with their wives, gave defendant a mortgage on the said lands mentioned, which was duly recorded.

On the 12th February, 1848, the same parties gave a bond with mortgage on a part of the same lands to the Rochester City Bank to secure the sum of $2,000.

By agreement between the parties the last mentioned mortgage, was to be a lien prior to the defendant's mortgage.

On the 12th February, 1849, $245 of interest was due on the $7,000 mortgage, and proceedings were commenced to foreclose it by advertisement in one of the newspapers published in the city of Rochester. About the 24th April, 1849, and while notice of foreclosure was being published, it was discovered that a mistake had been made in the description of the bank mortgage, stated by it as ~given for $4,000 instead of $2,000, and thereupon

a clause was appended at the foot of the notice of foreclosure stating the mistake, and was printed with the notice until the 24th of May, 1849, on which day the premises were sold in one parcel and bid in by the defendant for $7,200, subject to the bank mortgage. At the time of the sale, the premises consisted of a large number of lots into which they had been divided, with a view to their sale as city lots. The defendant offered at the sale to sell in parcels, if any one desired it, but no one making such request they were sold together as one parcel. After the purchase, the defendant went into possession of the premises, and has sold and conveyed portions thereof to others, and such portions together with other portions not sold have been improved at very considerable expense.

After the foreclosure sale, Sawyer and wife conveyed their interest in one undivided half of the premises to the defendant, and he obtained an assignment of the bank mortgage.

Alfred Hubbell assigned his property for the benefit of creditors. The assignees in consideration of fifty dollars, sold and conveyed to the plaintiff, Alrick Hubbell, all the interest of the assignees in the mortgaged premises.

The plaintiff, Alrick Hubbell, owns several judgments which had been recovered against Alfred in the years 1848 and 1849, during the life of Alfred. Alfred died, and his heirs conveyed to Alrick all their interest in the property.

The plaintiff, Alfred S. Hubbell, was appointed trustee under the assignment in place of the assignees named therein, and to prevent the deed from the assignees from being held void because given while the premises were in possession of defendant claiming adversely to the assignees, Alfred S. Hubbell was made a party to this action.

The plaintiffs allege in their complaint that the proceedings to foreclose the mortgage were irregular and void, because:

1st. Of the misdescription of the bank mortgage, and the omission to publish the notice twelve weeks after the error was attempted to be corrected.

2d. Because the length of the term of the lease to which the notice of sale stated said premises would be sold subject to was not stated in said notice.

3d. Some of the judgment creditors of Alfred Hubbell, of whom plaintiff, Alrick Hubbell was one, was not served with a copy of the notice of sale.

4th. Notices were not served on the wives of Sawyer and Hubbell.

5th. There is no legal proof of the service of any notice of the sale. The only one there is, is made by defendant, and he as purchaser could not make the affidavit, as it operates as a conveyance, and a man cannot convey to himself.

6th. The sale was void as the mortgaged premises consisted of separate parcels, they should have been sold separately, they were, however, sold as one parcel.

7th. The jurat to the affidavit of sale is defective.

The plaintiff demanded judgment that the foreclosure sale be set aside as irregular and void, that the defendant be required to account for the proceeds of the sales of parts of the premises sold, and for the rents and profits of the residue, and that upon payment of such sum as might be found due upon the mortgages held by defendant, if any, plaintiff might be permitted to redeem.

Amongst other defences, the defendant insisted upon the statute limiting the right to bring actions to twenty years, and the statute limiting such right to ten years.

The issues were referred for trial to Judge Pratt, who found the proceedings of defendant in the foreclosure of said mortgage to have been in good faith, and in conformity to the statute regulating the foreclosure of mortgages by advertisement, and ordered judgment dismissing plaintiff's complaint with costs. The suit was commenced on the 14th May, 1869.

*F. Kernan* for the appellant.

*W. F. Cogswell* for the respondent.

MULLIN, P. J.   In order to foreclose a mortgage by advertisement and sale, so as to cut off the right of the mortgagor and purchasers and encumbrancers, subsequent to the date of the mortgage, the requirements of the statute regulating the proceedings in that mode of foreclosure must be substantially complied with.

But in determining what is a substantial compliance, regard must be had to the objects which the legislature had in view in passing this statute.

One was to relieve the parties from the expense of a suit in chancery, in which court alone, prior to the passage of the statute under consideration, could the equity of redemption be foreclosed.

Another object doubtless was to enable persons, not learned in the law, to conduct such foreclosure.

In order to effect the latter object, it was indispensable that the proceedings should be made as plain and simple as possible, and that the construction of the statute should be liberal and not technical.

Having this rule of construction and these purposes of the legislature in view, I will proceed to examine the alleged defects or irregularities in the foreclosure proceedings.

The first defect relied on, is the misdescription of the bank mortgage in the notice of sale.

The answer to this objection is, that the statute does not require any reference in the notice of sale to encumbrances. The insertion, therefore, in the notice of matters not required, do not render the notice defective as to the matters stated in it, that the statute requires to be stated.   If matters, not called for by the statute, are stated which are calculated to mislead the public, and thereby prevent persons from bidding, the sale would be void, but if the statement inserted in the notice, although calculated to mislead, is inserted by mistake merely, and is corrected before it could be presumed to influence persons desiring to bid, the mistake will not vitiate the proceedings. (*Klock* v. *Cronkhite*, 1 Hill, 107; *Jencks* v. *Alexander*, 11 Paige, 619; *Burnett* v. *Denniston*, 5 J. C. R., 35.)

Hubbell *v.* Sibley.

It is found by the referee that the statement in the notice of sale, that the amount of the bank mortgage was $4,000 instead of $2,000 was made by mistake without intent to defraud, and that the error was corrected and the correction published with the notice of sale for some two weeks before the sale; the error did not affect the regularity of the sale.

The notice of sale was not changed in any essential particular after. its first publication, and hence, the publication for twelve weeks after the change was not necessary.

2d. The omission to state in the notice the length of time the lease mentioned in the notice of sale had to run, did not affect the regularity of the proceedings. No such statement was required to be inserted in the notice. It was mere surplusage.

3d. It seems to be true that the plaintiffs, in three of the judgments against Alfred Hubbell, were not served with notice of the sale, and it would follow that their right to redeem was not foreclosed. But the omission to serve on them does not render void, or even irregular, the sale as to them who were served.

Whether the plaintiff had a right to redeem as a judgment creditor of Alfred Hubbell, at the time of the commencement of this action, will be considered hereafter.

4th. The same answer disposes of the objection, as to the non-service of the notice of sale, on the wives of the mortgagors. (*King* v. *Duntz*, 11 Barb., 191.)

It has been repeatedly held that a foreclosure, to which the mortgagor is not made a party, is void. The wife, when she unites with her husband in a mortgage, is a mortgagor, but not, I apprehend, as the husband is. He has the whole legal estate; she a mere contingent interest or estate. There is no more reason for avoiding the sale because she is not a party, than there would be because an incumbrancer or subsequent purchaser is not a party.

5th. The statute does not forbid the mortgagee, or other owner of the mortgage, to advertise and sell the property, and in the absence of any such prohibition, I know of no

power in the court to deprive him of the power. If there was a serious doubt as to the power, it would produce great mischief to hold, at this late day, that a sale so made was irregular, as the practice for the owner of the mortgage to make the sale has been followed for a long time and quite extensively.

6th. At the time the mortgage was given, the mortgaged premises consisted of two parcels, but were thereafter subdivided into lots, and were thus divided at the time of the sale. They were sold in one parcel, thus disregarding the division appearing on the face of the mortgage. The plaintiff does not find fault, as I understand his counsel, with the omission to sell in two parcels. His claim is that defendant should have conformed to the subdivision into lots, and sold them separately. This, it was held in *Lamerson* v. *Marvin* (8 Barb., 9), he was not bound to do. (*Griswold* v. *Fowler*, 24 Barb., 135.)

The case of *Ellsworth* v. *Lockwood* (42 N. Y., 89) is not in conflict with the cases above cited. There are dicta of SUTHERLAND, J., that indicate a different view of the law, but he does not put his vote of affirmance on any such ground, but upon the refusal of the mortgagee to comply with the request of the plaintiff to sell in parcels.

If the sale had been by sheriff on execution, the court, on motion, would probably have set aside a sale in gross, when it could and ought to have been made in parcels. But as the only remedy of the mortgagor or those claiming under him is by action in equity to vacate the sale in gross on foreclosure, by advertisement, it would be the duty of the court to set it aside, especially as the purchaser was the creditor, who was himself foreclosing.

7th. The jurat to the affidavit of sale was in the usual form, and sufficient. It is a certificate of the appearance of the affiant, and of administering the oath to him, and that is all that is required.

The right of the plaintiff, Alrick Hubbell, to redeem as a judgment creditor was barred by the twenty years statute of

limitations. His judgment was recovered on the 13th May, 1849, and the action was commenced on the 14th May, 1869, or one day beyond the twenty years.

It is insisted by the defendant's counsel that if the plaintiffs have any right of redemption not barred by the twenty years' limitation, it is barred by the ten years' statute.

Section 97 of the Code provides that an action for relief not hereinbefore provided for, must be commenced within ten years after the cause of action shall have accrued.

All the actions barred by the provisions of the Code preceding section 97 are what were formerly known as legal actions, except the one embraced in subdivision 6 of section 91, viz., an action for relief on the ground of fraud, in cases which were theretofore cognizable solely by the Court of Chancery, which must be brought within six years from the discovery of the fraud. It follows that section 97 applies to all equitable actions, and of course an action to redeem is included.

This section of the Code is a re-enactment of section 52 of Revised Statutes, 439, and the divisions under that section are authorities under this.

In Kent's Commentaries (vol. 4, p. 188), it is said, while considering the statute of the limitations of actions, that in all cases of concurrent jurisdiction in the courts of law and equity, the statute of limitations applies equally to both courts, but it does not apply to cases in which a court of equity has peculiar and exclusive jurisdiction; and in all such cases the limitation of bills for relief on the ground of fraud, is six years after the discovery of it by the aggrieved party; in all cases other than cases of fraud the limitation is ten years after the cause of action has accrued, and this consequently reduces the right to redeem for twenty years, as it before stood, to ten years.

Judge Comstock, in his notes to the passage above quoted, furnishes very satisfactory reasons why the right to redeem should not be limited to ten years, but we must take the law

as we find it, leaving it to the legislature to change it if found to operate unjustly.

In *Williamson* v. *Field* (2 Sandf. Ch. R., 568), Vice-Chancellor SANDFORD held that section 52, above cited, did not apply to bills to redeem when the right of action accrued before the Revised Statutes went into operation; thus leaving it to be inferred that it was his opinion that section 52 would have defeated the action had the right accrued subsequent to the adoption of those statutes.

MASON, J., in *Calkins* v. *Calkins* (3 Barb., 305), so understood the vice-chancellor, and he gives it as his own opinion that section 52 applies to bills to redeem.

In *Tibbs* v. *Morris* (44 Barb., 146), GROVER, J., says the plaintiff had only an equity of redemption remaining, and this equity could only be barred by lapse of time; ten years by the statute.

DANIELS, J., speaking for the General Term of the eighth district, in *Peabody* v. *Roberts* (47 Barb., 102), says it is exceedingly doubtful whether the action to redeem can be brought after the expiration of ten years from the time the mortgage debt became due, or the last payment was made upon it. (4 Kent, 7th ed., 198, 202.) The conviction is there declared that an action to redeem cannot be commenced after the expiration of ten years from the time the right accrued. This conviction is very strongly countenanced if not conclusively supported by the statute of limitations.  *  * The suit to redeem presents a case where the subject-matter is within the peculiar and exclusive jurisdiction of equity, and, like an action to compel specific performance, must be brought in equity and within ten years after the right accrued. (*Bruce* v. *Tilson*, 25 N. Y., 194.)

PAIGE, J. (*Elwood* v. *Deifendorf*, 5 Barb., 411) held the plaintiff's demand not barred by the six years' limitation, because it was one of which a court of equity had exclusive jurisdiction and not until the expiration of ten years from the time the cause of action accrued.

SUTHERLAND, J., in *Cleveland* v. *Boerum* (24 N. Y., 613,

617), says : " I am inclined to think that the plaintiff's right of action (to redeem from a mortgage) was barred by the ten years' limitation."

In *Oakes* v. *Howell* (27 How. Pr. R., 145), an action to reform an instrument was held barred in ten years from the accruing of the right of action.

The statute of limitations in Wisconsin contains a section identical with section 52, above cited. That section was up for construction in the Supreme Court of the United States in the case of the *Cleveland Ins. Co.* v. *Reed and al.* (24 How. U. S. R., 284).

In that case the plaintiff filed a bill in the Circuit Court to foreclose a mortgage given to it in 1837 by Reed for $22,000. Part of the land included in the mortgage was subject to prior mortgages to others. These were acquired by one Rogers, who foreclosed them, bid in the premises at the sale, and went into possession, claiming title in 1838. Reed was discharged from his debts under the bankrupt law of 1841, assigning his property to an assignee, who sold it and it was bid in by Rogers.

It was held that Rogers stood in the place of Reed, and had so stood for more than ten years before the bringing of the action, and that the action was therefore barred and the plaintiff's bill was dismissed. If the ten years' statute bars foreclosure it necessarily bars redemption.

In view of the repeated recognitions of the soundness of the construction of section 52 of the Revised Statutes and of section 97 of the Code, that actions to redeem are barred at the expiration of ten years from the time the right of action accrued, I am constrained to concur in the construction and to hold the plaintiff's complaint rightly dismissed.

With the exception of the first exception to the findings of the referee, I am unable to discover any error therein, and if the finding is wrong it is wholly immaterial and could not prejudice the plaintiff's rights in the slightest degree. I have examined all the exceptions to the rulings of the referee on

the trial and I think them correct. The judgment must be affirmed with costs.

TALCOTT, J., concurs in result, but dissents from the conclusion that the right of redemption is barred in ten years.