PARKER *v*. STEVENS *& a.*

On a bill in equity to remove a cloud from title, the plaintiff must show his title.

BILL IN EQUITY, to remove a cloud from the title to certain real estate claimed to be owned by the plaintiff. Heard on bill and answers.

*Bingham & Mitchell, Ladd & Fletcher,* and *Foster,* for the plaintiff.

*Rand* and *Ray, Drew & Jordan,* for the defendants.

STANLEY, J. The plaintiff claims title to the premises described in the bill, under the levy of an execution in his favor, against the N. H. Electro Gold Mining Company, made August 9, 1877. That company derive their title under a quitclaim deed from one Rae, dated September 4, 1873, and Rae derived his title under a quitclaim deed from one Hutchins, dated July 3, 1873. Hutchins was declared a bankrupt December 11, 1872, and the defendant Ste-

vens was appointed his assignee January 1, 1873. Hutchins received his discharge in bankruptcy February 10, 1874. The plaintiff alleges that Stevens abandoned all claim to the premises as assignee of Hutchins, and, at the request and as the agent of Rae, procured the deed from Hutchins to Rae of July 3, 1873, and paid for it with the funds of Rae, and delivered it to him, assuring him that it gave a good title, and thereupon Rae entered into possession, and so continued until his deed to the Electro Gold Mining Company; that September 24, 1878, Stevens, as assignee, by deed conveyed the interest of Hutchins to the defendant Howard, which deed was duly recorded, and is the cloud upon his title, the removal of which he seeks.

The defendants deny that the plaintiff has or ever had any title to the premises. The defendant Stevens says that he took a deed from Hutchins to Rae July 3, 1873, but it was not to be delivered to Rae unless Hutchins could show that he had procured a title to the premises subsequent to his adjudication in bankruptcy; that it never was delivered to Rae, but was returned to Hutchins; that he never advised Rae that he had a good title, but, on the contrary, advised him not to take the deed. He says that Rae was fully informed of all the facts regarding the bankruptcy of Hutchins; that Rae furnished him no money to make the purchase of Hutchins, and he paid Hutchins nothing; and he denies that, as assignee of Hutchins, he ever abandoned his claim to the premises.

The plaintiff contends that certain undisputed facts are conclusive evidence of the abandonment denied by the defendants. But on this hearing we do not weigh evidence. Nothing but questions of law can be considered now. As we construe the answers, the facts admitted are not a confession of the abandonment, which is expressly denied. Whether the title to real estate, which has passed to an assignee in bankruptcy, can be revested in the bankrupt by the neglect of the assignee to assert a claim to it before the bankrupt's discharge, without an order of court, we need not decide, and on this point we express no opinion.

The foundation of the bill rests on the fact that the plaintiff has a title to the premises, but the allegations of the answers, if true (and, on a hearing on the bill and answers, they must be taken as true), show that he has no title. The N. H. Electro Gold Mining Company took nothing under their deed from Rae, for he had no title. The deed from Hutchins to him was never delivered, and the defendants are not estopped to take this position; for the plaintiff when he took his title under the levy, and the mining company when they took their deed, knew that Rae had no title. They have not been misled, and the doctrine of estoppel does not apply. The plaintiff having no title, cannot maintain the bill.

*Case discharged.*

SMITH, J., did not sit: the others concurred.