## McNally v. Bailey.

A finding that the assignment of a chattel mortgage was taken in good faith, without knowledge or notice of an existing lien, excludes the inference that the assignee had constructive notice of such a lien.

Replevin, for a piano. Facts found by the court. July 21, 1886, the defendant's agent, one Magoun, made a conditional sale of the piano in question to one Foster, and took from Foster a note for the price containing a printed provision that the piano should "remain the property of A. L. Bailey, or bearer, until this note is paid." A large number of small payments were from time to time made on the note, so that at the time this suit was commenced there remained due on it $172.82.

This instrument was never recorded in any place. The piano was delivered to Foster about the time the note was given, and he used it in the Wilson House, kept by him, till November, 30, 1886, when he sold the furniture, including the piano, and his rights in the hotel, to Tibbetts & Wilkinson, and received in part payment therefor their notes, amounting to $1,742.31, secured by a mortgage on the personal property sold, consisting of a great number and variety of articles, among which, as described in the mortgage, are the following: "two top buggies, one of said buggies known as Dunham's carriage, being subject to a lien note in favor of Martin Monahan, one two-seated wagon, one set of double harness, three single driving-harness, one three-seated traverse pung sleigh, one upright piano, Hallett & Cumston's make, upon which piano there is due $240, which said Tibbetts & Wilkinson assume and agree to pay," etc. The piano described is the one replevied.

December 3, 1886, Foster sold and delivered the note of Tibbetts & Wilkinson, and assigned the mortgage securing them to the plaintiff, who paid for them the full sum due. In May, 1887, Tibbetts bought out Wilkinson in the hotel, and on the 30th of the same month Tibbetts mortgaged to the plaintiff substantially the same property for substantially the same debt, as additional security to the prior mortgage, the plaintiff keeping both mortgages. In the last mortgage the piano was described as "one Hallett & Comstock upright piano," and at the close of the description of the property included in the mortgage are the words "said property being free from incumbrance."

The plaintiff, at the time he bought the notes and took the assignment of the mortgage, read the mortgage and the sentence describing the piano. If this description was in law sufficient to put him upon his inquiry, he had constructive knowledge of the defendant's note or agreement at the time he took the assignment; but if it was not sufficient to do this, then it is found as a matter of fact that it did not inform the plaintiff, nor did he other-

wise have knowledge of the defendant's lien; that he took the assignment in good faith, understanding from the description that the piano was relieved of the $240 by its being assumed by Tibbetts & Wilkinson; and that the plaintiff had no knowledge in fact, when he received either of the mortgages, of the nature of the claim on the piano, or that there was one.

*D. J. Daley* and *Ladd & Fletcher*, for the plaintiff.

*R. N. Chamberlain* and *Drew & Jordan*, for the defendant.

ALLEN, J.  The memorandum, in which the lien upon the piano was reserved by the defendant, was not recorded in the town-clerk's office, and was not valid against subsequent purchasers without notice.  Laws 1885, *c.* 30.  The sale by Foster, the conditional vendee, to Tibbetts & Wilkinson, and his taking a mortgage for security, and his subsequent assignment of the mortgage to the plaintiff, made the plaintiff a subsequent purchaser, and his title and right of possession of the piano, if acquired without notice of the defendant's lien, was not thereby defeated.  The plaintiff had no actual notice of the lien, and he was not put upon inquiry so as to be chargeable with constructive notice, unless the recital in the mortgage, that there was due on the piano $240, which the mortgagees had assumed to pay, would have led a man of ordinary prudence to inquire and ascertain the fact of the defendant's lien. Whether a man in the exercise of ordinary care and diligence would, under the same circumstances, have made the inquiry and learned the existence of the lien is a question of fact, and it is not found in the case that the plaintiff was charged with the duty of making the inquiry, or that he was in any fault or negligence in not making it.   The finding that he took the mortgage in good faith, without knowledge or notice of the defendant's lien, is a finding that he had neither actual nor constructive notice of it. There being no record of the memorandum of the conditional sale in which a lien was reserved, and the plaintiff being a subsequent purchaser without notice, actual or constructive, the lien is not valid against him, and cannot be made a defence against his right and title.

*Judgment for the plaintiff.*

BINGHAM, J., did not sit: the others concurred.