Rockingham, }
Dec., 1897. }

## PEARSON v. GOOCH & a.

The validity of powers of sale in mortgages affirmed.

A sale of real estate under a power contained in a mortgage is invalidated by an erroneous statement in the notice of sale, the natural tendency of which would be to mislead the public and prevent the attendance of possible purchasers.

BILL IN EQUITY, to set aside a sale and conveyance of real estate made under a power contained in a mortgage, and to redeem from the mortgage. Facts found by the court.

William P. Burke conveyed the real estate in question to Gooch & Pray, by a mortgage deed dated November 27, 1894, to secure the payment of his promissory note of that date for $7,000. The mortgage contained the following power: "And it is agreed that, on failure of performance of any of said conditions, the said grantees or their legal representatives or assigns may advertise said mortgaged premises for sale, by publication of notice in some newspaper printed at Exeter in said county, three weeks successively before such sale, and may sell the same by public auction to the highest bidder; and his deed thereof, in pursuance of such sale, shall convey to the purchaser an indefeasible title to the same, discharged of all rights of redemption by the mortgagor or any other person claiming under him. And the mortgagee shall apply the proceeds of said sale in payment of said mortgage debt, and pay over the balance, if any, to the mortgagor after deducting the expense of notice and sale, and the purchaser shall not be answerable for the application of the purchase money."

Gooch & Pray, acting under the power, sold the real estate by auction, October 24, 1896, to the defendant Sanborn, for $4,700, and conveyed the same accordingly. Sanborn has had possession ever since and has expended from $300 to $500 in making repairs and improvements upon the property.

The advertisement of the sale stated that the premises would be sold "subject to any and all unpaid taxes, . . . liens, and incumbrances which may be entitled to precedence over said mortgage, if any such there be." When the $7,000 mortgage was made, prior mortgages amounting to about $6,000 were outstanding. These mortgages were paid from the proceeds of the $7,000 mortgage, but were assigned to Gooch & Pray for the purpose of preventing intervening liens from attaching to the property, and not with the intention of keeping them in force as against the $7,000 mortgage. Upon inquiry being made at the

sale concerning prior incumbrances, these facts were stated; and it was further stated that Gooch & Pray claimed nothing under the prior mortgages and would discharge them, so that the purchaser would get a title unincumbered by them. A person offered to raise the last bid $500 if Gooch & Pray would give a warranty deed, but they declined, at the same time stating that they had had the title examined by a competent lawyer, and believed it to be good. The terms of the sale (stated at its opening, but not in the advertisement) were that the property was to be paid for in cash or its equivalent, and that if payment was not so made the property would be sold again. Reasonable efforts were made to have the property bring its fair value, which was $6,000.

Burke absconded in September, 1896, and was adjudged insolvent upon a creditors' petition filed October 3, 1896. The plaintiff is the assignee of his estate, and prosecutes this suit as such. Subject to the plaintiff's exception, the bill was dismissed.

*Greenleaf K. Bartlett* and *Drury & Peaslee*, for the plaintiff.

*Henry A. Shute, Arthur O. Fuller,* and *John S. H. Frink,* for the defendants.

WALLACE, J. It is urged that under the statutes (P. S., c. 139) powers of sale contained in mortgages are invalid. More than twenty years ago such powers were held valid (*Very* v. *Russell,* 65 N. H. 646) and have ever since been to a considerable extent in use. It is deemed unwise to disturb that judgment now, even if upon a reconsideration of the question a different result might be reached. Possibly the legislature may think it wise to make reasonable regulations for their use, similar to those prescribed in some of the other states where they are in general use.

The rights of the parties therefore depend upon the validity of the sale, under the power in the mortgage. One of the objections urged against it is that the notice of the sale is insufficient. The mortgagee in the exercise of the power of sale acts as a trustee of the mortgagor. Although he has the right to sell the property for the payment of the mortgage debt, all the proceeds of the sale above the amount necessary for that purpose belong to the mortgagor. In the performance of this duty he must exercise good faith and use reasonable diligence to protect the rights of the mortgagor under the terms of the power. He must use reasonable efforts to obtain a fair price for the property, in properly advertising and conducting the sale in those particulars which the contract leaves to his determination. An

erroneous statement in the notice of the sale which would naturally mislead the public or deter persons from attending the sale and bidding, renders the sale void. *Very* v. *Russell*, 65 N. H. 646; *Briggs* v. *Briggs*, 135 Mass. 306; *Clark* v. *Simmons*, 150 Mass. 357; *Hoffman* v. *Anthony*, 6 R. I. 282; *Fenner* v. *Tucker*, 6 R. I. 551; *Burnet* v. *Denniston*, 5 Johns. Ch. 35; *Hubbell* v. *Sibley*, 5 Lans. 51; *Equitable Trust Co.* v. *Fisher*, 106 Ill. 189; 2 Jones Mort., *s.* 1852.

The advertisement of the sale stated that the premises would be sold "subject to any and all unpaid taxes, . . . liens, and incumbrances which may be entitled to precedence over said mortgage, if any such there be." The notice, taken in connection with the fact that prior mortgages to the amount of $6,000 which had been paid appeared by the records to be still subsisting upon the property, would naturally convey the impression that the premises were to be sold on the $7,000 mortgage, subject to the other mortgages of $6,000, and that the full amount of the mortgage claims then in force amounted to $13,000. This was calculated to mislead and deceive the public and prevent would-be purchasers from attending the sale and bidding.

The fact that at the sale, upon inquiry being made, it was stated that the $6,000 mortgage claims had been paid, does not remove the objection. It was then too late to correct the erroneous impression of the notice upon any who may have been thereby prevented from attending the sale. It cannot be presumed that the notice did not have the effect it was naturally calculated to produce and influence purchasers not to attend the sale. For this reason the sale was irregular and void. The result reached renders it unnecessary to consider the other questions raised. The exceptions are sustained, and there must be a

*Decree for the plaintiff.*

CHASE, J., did not sit: the others concurred.