Sullivan, }
Dec., 1900. }

Lewis, *Trustee, v.* Dudley *& a.*

Where real estate is conveyed to the wife of the vendee thereof, in trust for him and in fraud of his creditors, the transaction cannot be impeached as against one who, in good faith, without notice of the fraud, and for a valuable consideration, purchases the property from her.

A finding that a mortgage was taken in good faith to secure a contemporaneous loan, and without any fraudulent intent, is sufficient to establish the fact that the mortgagee was a purchaser for value, and excludes the inference that he had actual or constructive notice of any defect in his grantor's title.

Whether the circumstances attending a conveyance of real estate were such as should have put the purchaser upon inquiry, and charged him with notice of the fraudulent title of his grantor, are questions of fact.

Bill in Equity, by the trustee of the estate of George F. Dudley, adjudged a bankrupt November 6, 1899, against Dudley, his wife (Nellie M.), Franklin P. Rowell, and the First National Bank of Newport, to set aside a mortgage for fraud. Facts found by the court.

March 27, 1895, George F., being the owner of real and personal property worth $3,000, and being indebted to the amount of $500, a portion of which is still unpaid, purchased a business block in Newport, giving therefor $6,500, a part of which he borrowed and still owes. By his direction the block was conveyed to his wife to hold in trust for him. Soon after the purchase he expended $2,500 in making additions to the block. He hired and still owes this money.

Between 1895 and 1899 George F. and Nellie M. borrowed money for and signed notes with their son, George P., who was in business, and who in January, 1899, became insolvent. The defendant bank held notes to the amount of $3,000 signed by George P., Nellie M., and a third person who was financially good. George F. did not sign them. A director of the bank also held a similar note for $2,000.

On account of pressure by the third signer of these notes to be relieved from liability, and of a desire to assist George P. in settling with his creditors, Nellie M., with the co-operation and approval of her husband, borrowed $4,300 of the defendant Rowell, January 31, 1899, upon her note secured by a mortgage of the block. George F. did not sign the note or mortgage, but was present when they were executed and delivered. Rowell would not have made the loan without the consent of George F., who is

estopped from claiming adversely to the mortgage. Upon the delivery of the note and mortgage, Rowell gave Nellie M. a check on the bank payable to her order. No restriction was placed on her right to use the check. She immediately deposited it with a third person for safe keeping until her son should make a settlement with his creditors. When this was done, she used the check, June 12, 1899, in paying the bank's notes and settling with her son's creditors.

Rowell was a director of the bank, and knew that it held the notes and that the Dudleys intended to use the money borrowed of him in paying them, but there was no agreement that it should be so used. He was not acting for the bank, nor was there any intent on the part of him, the bank, George F., or Nellie M. to defraud the creditors of George F., or to prevent, defeat, or obstruct the operation of the United States bankruptcy act in respect to the estate of George F. or Nellie M.; but the transaction was entered into in good faith, for the purpose before stated. At the time of making the loan, Rowell was chargeable with notice of the circumstances by which a trust in the block resulted in favor of her husband.

*Frank O. Chellis*, for the plaintiff.

*Albert S. Wait* and *Ira Colby & Son*, for the defendants.

WALLACE, J. The plaintiff seeks to set aside the mortgage given by Nellie M. Dudley to Rowell on the ground that it was fraudulent as to the creditors of her husband, George F. Dudley. The plaintiff claims that the purchase of the mortgaged property by George F. in the name of his wife, upon the understanding that it should be held in trust for him, was made for the purpose of placing the property beyond the reach of his creditors, or that the transaction constituted a secret trust, and in either case was fraudulent and void as to his creditors ; and that Rowell was chargeable with notice of the circumstances constituting the fraud. Conceding that the original transaction between George F. and his wife was fraudulent, and that her title was void as to his creditors, yet she acquired a title which she could transmit to an innocent purchaser. Her title was not void ; it was merely voidable. Although it was liable to be impeached by the creditors of her husband, yet that right cannot be exercised against one who, without notice of the fraud, in good faith and for a valuable consideration, purchased the property from the fraudulent vendee. *Comey* v. *Pickering*, 63 N. H. 126 ; *Ashland Savings Bank* v. *Mead*, 63 N. H. 435.

The validity of the plaintiff's title, therefore, depends upon

whether Rowell was an innocent purchaser. The finding that the mortgage was made in good faith, to secure a contemporaneous loan, and without any fraudulent intent, shows that he was a *bona fide* purchaser for value. Whether the circumstances attending the transaction were such as should have put Rowell on inquiry and charged him with notice of the fraudulent title of his grantor, are questions of fact. *Janvrin* v. *Janvrin*, 60 N. H. 169, 172, 173; *Preston* v. *Cutter*, 64 N. H. 461, 468, 469; *McNally* v. *Bailey*, 65 N. H. 208; *Martin* v. *Livingston*, 68 N. H. 562, 563. The finding of fact that the transaction was entered into in good faith, with no intent to defraud creditors, is a finding that Rowell had neither actual nor constructive notice of any defect in his grantor's title. As this finding was made upon competent and sufficient evidence, it is conclusive here.

It appears that Rowell was chargeable with notice of the circumstances by which a trust in the property resulted in favor of the husband; but it does not appear that Rowell knew of any intent on the part of George F. to defraud his creditors by means of this transaction, nor was it shown that Rowell knew of George F.'s indebtedness, either at the time of the purchase of the property or when the mortgage was given. In the absence of knowledge on Rowell's part of any intent by George F. to defraud his creditors, or of any circumstances from which such intent could be inferred, Rowell is not chargeable with notice of any fraud. He is an innocent purchaser for value, and took a good title under his mortgage, although his grantor's title may have been fraudulent.

The mortgaged property was owned by George F. Although the title was in his wife, yet she held it in trust for him. The mortgage was given by her with the knowledge and approval of the husband, so that he was estopped from claiming adversely to it. Rowell understood this, and would not have made the loan without George F.'s assent. If the transaction is regarded in legal effect the same as though the loan had been made to George F., and he had directly given the mortgage, still it must be upheld. No reason is suggested or appears why Rowell could not obtain a valid mortgage of this property from George F., to secure a present loan made in good faith and with no knowledge on Rowell's part that there were any creditors.

*Decree for the defendant Rowell.*

CHASE, J., did not sit: the others concurred.