Rockingham, )
May 5, 1903. )

### BARTLETT *v.* GILCREAST.

| 72 | 145 |
|----|-----|
| e74 | 30 |

A levy of an execution upon real estate as if the debtor's interest therein was an equity of redemption is void if his interest is in fact an unincumbered estate in fee.

A misdescription of a mortgage in the return of a levy of execution is sufficient to vitiate a sale of the debtor's equity of redemption in the premises.

BILL IN EQUITY, to remove a cloud from the plaintiff's title. Facts found, and case transferred from the October term, 1902, of the superior court, by *Young,* J.

Real estate standing in the name of John R. Gilcreast, and belonging to him and his wife (the defendant) jointly, was conveyed by him to her, April 13, 1897, as a gift. He was indebted at the time to one Sleeper, and the real estate was all the property he owned. After the conveyance the defendant mortgaged the premises to John H. Parmerton. Sleeper recovered judgment against John R., and levied the execution upon all his right in equity to redeem the land. After describing the land, the return of the levy proceeds as follows : " The same being subject to a mortgage made by said debtor to one John H. Parmerton, dated the twenty-third day of September, 1892, to secure the payment of two hundred thirty dollars." The plaintiff was the purchaser of the right at the sheriff's sale.

Upon these facts it was adjudged that, as between the parties to the action, the Parmerton mortgage is a lien upon the defendant's half of the real estate, and she was ordered to convey the other half to the plaintiff. The defendant excepted.

*G. K. & B. T. Bartlett,* for the plaintiff.

*John G. Crawford,* for the defendant.

CHASE, J. The defendant's first position is that the levy of the Sleeper execution is void, for the reason that John R.'s interest in the real estate was an estate in fee in one undivided half of it, instead of a right to redeem the same from a mortgage. The case is ambiguous concerning the mortgage. The sheriff's return of the levy mentions a mortgage given by John R. to Parmerton in 1892. The case makes no further specific allusion to this mortgage. It states that the defendant mortgaged the land to Parmerton after the conveyance to her, which was April 23, 1897. The court adjudged that, as between the parties to the action, " the

Parmerton mortgage " is a lien upon the defendant's half of the property. This seems to indicate that the court found there was only one Parmerton mortgage, and that was the one given by the defendant; and that he held that, as between the parties to the action, this mortgage did not cover the half of the property formerly owned by John R. As this holding was favorable to the defendant so far as the question under consideration is concerned, and as the plaintiff did not except to it, no attempt has been made to review the questions of law involved in it. For the purposes of the present inquiry, as the case is understood, the fact is established that there was no mortgage upon John R.'s half of the property at the time of the levy. If so, the levy should have been made by setting off the real estate, or enough of it to satisfy the execution, in the manner prescribed by sections 1 to 13, chapter 233, Public Statutes, or by a sale of John R.'s half as prescribed by section 34 of the same chapter (Laws 1899, *c.* 73, *s.* 1), instead of by a sale of the right of redemption from a mortgage. *Richards* v. *Gilmore*, 11 N. H. 493. The sale contemplated by section 34 is of the property taken on the execution. An equity of redemption is a less interest in the land than an unincumbered estate in fee, and a sale of the former does not include the latter, although a sale of the latter may include the former. It follows that the levy in this case cannot be upheld by section 34 of the statute.

If it were found that the equity of redemption levied upon was the right to redeem from the mortgage given to Parmerton by the defendant, it would not follow from that fact and the other facts reported that the levy would be valid. There is no presumption that this mortgage created a lien upon the land of the same character and amount as the mortgage referred to in the return of the levy. The public may have been misled and deceived by the offer for sale of an equity which differed in value from the value of the real equity, and would-be purchasers may have been thereby deterred from bidding. *Pearson* v. *Gooch*, 69 N. H. 208.

Unless the report of the case has been misunderstood, the levy was not made as required by law, and was void; and the plaintiff's title failing, the bill should be dismissed. *Parker* v. *Stevens*, 59 N. H. 203.

*Exception sustained.*

All concurred.