Rockingham, ⎰
Sept. 4, 1906. ⎱

### GILCREAST v. BARTLETT.

Where a bill in equity to remove a cloud from title is dismissed because an execution sale under which the plaintiff claims is void, a finding of fact that a conveyance of the premises to the defendant was fraudulent is not an adjudication which estops the parties from litigating the nature and validity of the transaction in a new and independent action.

If real estate is fraudulently conveyed by a husband to his wife, his creditors cannot avoid the transaction as against her innocent mortgagee for value, but they may levy upon the grantor's right to redeem from the mortgage.

A levy upon real estate occupied by the execution debtor and his family is not void merely because no homestead was set out to the wife, since that right may be subsequently asserted, unless waived by neglect to demand it, if she has continued to occupy the premises.

BILL IN EQUITY, to remove a cloud from the plaintiff's title, caused by the levy hereinafter mentioned.  Facts found, and case transferred from the January term, 1906, of the superior court, by *Chamberlin*, J.

The present plaintiff was the defendant in *Bartlett* v. *Gilcreast*, 72 N. H. 145, and the present defendant was the former plaintiff. After the decision in that action, the judgment in favor of Sleeper against John R. Gilcreast was sued and a new judgment was recovered, from which an execution issued and was levied February 20, 1905, upon all the right in equity of John R. to redeem the undivided half of the tract of land mentioned in the former case that was conveyed by John R. to his wife (the present plaintiff), April 13, 1897.  The defendant was the purchaser of this right at the sheriff's sale.  June 21, 1898, the plaintiff, in her own right, and

her husband mortgaged the entire tract to John H. Parmerton, and the mortgage was outstanding and unpaid at the time of the levy.

It was found in the former action that the conveyance of April 13, 1897, was a gift and that the real estate was all the property owned by John R. In this action the plaintiff offered to prove that there was a good and valuable consideration for this conveyance. The evidence was excluded, subject to her exception.

At the time of the levy, the plaintiff and her husband were living upon the tract of land. No homestead was set off to her, nor did she petition or request that one should be set off. The plaintiff excepted to the denial of a motion for a decree in her favor and to the dismissal of the bill.

*John G. Crawford*, for the plaintiff.

*G. K. & B. T. Bartlett*, for the defendant.

CHASE, J. The title set up by Bartlett in the former action was a levy which was held to be void. *Bartlett* v. *Gilcreast*, 72 N. H. 145. It is apparent from the facts reported in that case and in this, and from the former opinion of this court, that the bill in that action was dismissed because of Bartlett's failure to show that he had a valid title to the property upon which the alleged cloud existed. The judgment, therefore, was not an adjudication that the conveyance of April 13, 1897, from John R. Gilcreast to his wife, was a gift to her and was fraudulent and void as against his creditors. Neither of the parties was estopped by it from litigating the nature and validity of this conveyance in a subsequent action. The testimony offered by the plaintiff in the present action, tending to prove that the conveyance was not a gift but was induced by a good and valuable consideration, was competent and should have been received, notwithstanding the former judgment. The defendant's position that the finding in the former action should be allowed to stand, under the authority of *Lisbon* v. *Lyman*, 49 N. H. 553, and kindred cases, cannot be upheld for the reason that this is a new and independent action. The practice relied upon does not apply under such circumstances. The plaintiff's exception to the exclusion of her proffered testimony is sustained, as is also her exception to the dismissal of the bill, which is understood to have been ordered on the erroneous theory that the former judgment estopped the plaintiff from making the defence she set up.

The plaintiff further excepted to the denial of her motion for a decree in her favor, on the ground that the levy by which Bartlett

asserts title was void because made upon John R. Gilcreast's right in equity to redeem from the Parmerton mortgage, instead of upon his half of the tract, unincumbered. The tract of land formerly belonged to the plaintiff and her husband (John R. Gilcreast) in common. John R. conveyed his interest in it through a third person to the plaintiff. Subsequently, but before the levy, the plaintiff, in her right, and John R., as her husband, mortgaged the entire tract to Parmerton. It is not found, and there is no suggestion, that Parmerton had any knowledge of the alleged fraudulent character of the plaintiff's title, or that he was put upon inquiry in regard to it. So far as appears, he was an innocent purchaser for value. There is no presumption of law to the contrary. Being an innocent purchaser, his mortgage was valid, although given to him by one whose title was fraudulent and void as against creditors. *Comey* v. *Pickering*, 63 N. H. 126; *Ashland Savings Bank* v. *Mead*, 63 N. H. 435; *Lewis* v. *Dudley*, 70 N. H. 594. If John R.'s conveyance to his wife was fraudulent and void as to creditors, the only interest in the property which the creditors could reach, after the mortgage, was the right in equity to redeem an undivided half of the tract from the mortgage. Upon the theory that his conveyance was void, he and the plaintiff at the time of the levy were owners in common of the entire tract, subject to the mortgage; or, in other words, he had a right in equity to redeem one undivided half of the tract from the mortgage; and this right might be levied upon by his creditors. *Russell* v. *Fabyan*, 34 N. H. 218, 228.

The plaintiff further says the levy was void because no homestead was set out to her. Although made in disregard of the homestead right, the levy would not be void. If she did not waive the right by neglecting to demand it, it continues and may be asserted now, if she has continued to occupy the tract as a homestead. *Currier* v. *Sutherland*, 54 N. H. 475; *Brookfield* v. *Sawyer*, 68 N. H. 406. The plaintiff's last mentioned exception is overruled.

*Exceptions sustained in part and overruled in part: decree dismissing the bill set aside.*

All concurred.