EDWIN SCHOFIELD *vs.* THOMAS MCCONNELL & trustee.

Worcester.   Oct. 7, 1875. — Jan. 7, 1876.   AMES & LORD, JJ., absent.

A., by an instrument in writing and duly recorded, assigned to B. on December 13,
1873, " all claims and demands which I now have, and all which at any time be-
tween the date hereof and the first day of February, 1875, I may and shall have
against C., for all sums of money due, and for all sums of money and demand,
which at any time between the date hereof and the said first day of February, 1874,
may and shall become due to me as laborer." *Held,* on a trustee process served
after February, 1874, and before February, 1875, that the assignment was not void
on its face, but applied to all wages until February 1, 1875.

A. being indebted to B. and other creditors, assigned to B., by an instrument duly
recorded, his wages due and to become due from C., until a certain date, B. having
at the time knowledge of the other debts.   B. received the wages monthly, and ap-
plied part of them to his debt and part, at A.'s request, for necessaries for A.'s sup-
port, he having no other means of subsistence.   At the time of a trustee process,
brought by one who was a creditor of A. when the assignment was made, against
A., in which C. was summoned as trustee, and B. appeared as claimant, it appeared
that money was still due from A. to B., although B. had received money enough,
had he so applied it, to pay his own debt.   It was found as matter of fact that the
assignment and the subsequent arrangements between A. and B. were *not made*
with any intent on their part to defraud the creditors of A.   *Held,* on a bill of
exceptions setting forth the above facts, that the court could not say as matter of
law that the assignment was fraudulent.   *Held,* also, the appropriations made by
the parties being valid, that the law of appropriation of payments, applicable when
no appropriations are made by the parties, did not apply.

TRUSTEE PROCESS to recover $29 for medical attendance. Writ dated August 28, 1874. The defendant was defaulted. The Washburn & Moen Manufacturing Company, summoned as trustee, admitted that, at the time of service upon it, there was in its hands the sum of $103.30, due the defendant. Sibley Putnam appeared as claimant of the funds in the hands of the trustee, by virtue of the following assignment, under seal, dated December 13, 1873, signed by the defendant, and duly recorded :

" Know all men by these presents, that I, Thomas McConnell, of Worcester, in the county of Worcester and Commonwealth of Massachusetts, in consideration of one hundred dollars to me paid by Sibley Putnam, of Worcester, the receipt whereof I do hereby acknowledge, do hereby assign and transfer to said Sibley Putnam all claims and demands which I now have, and all which, at any time between the date hereof and the first day of February, 1875, I may and shall have against Washburn Moen Manufacturing Company, for all sums of money due, and for all sums of money and demand which, at any time between the date hereof and the said first day of February, 1874, may and shall become due to me, for services as laborer, to have and to hold the same to the said Sibley Putnam, his executors, administrators, and assigns forever. And I, Thomas McConnell, do hereby constitute and appoint the said Sibley Putnam and his assigns to be my attorney irrevocable in the premises, and to do and perform all acts, matters and things touching the premises, in the like manner to all intents and purposes, as I could if personally present."

At the trial in the Superior Court, before *Dewey*, J., it appeared in evidence that the defendant was a workman, having a large family, with no means of support, except his daily wages ; that he had been for several years in the employ of the trustee, who paid its workmen once each month ; that he applied several years before to the claimant, a grocer, to furnish him with groceries for his family as he required them ; that the claimant refused to sell to him on account of his poverty, unless the defendant would give him as security therefor an assignment of his wages on the trustee similar to that above set forth ; that after receiving said assignment the claimant supplied the defendant with groceries as he needed them from day to day, and at the end of each month the claimant received from the trustee the wages of the defend-

ant ; that, the defendant having no other means to buy fuel or meat, the claimant usually paid to or for the defendant small amounts for these and other necessary purposes, which were either charged to the defendant or deducted from the amount received for his monthly wages, and the balance was applied to the payment of the claimant's account for groceries, but, owing to these other necessities of the defendant, there was always a balance due to the claimant ; that the amount of this balance continued to increase until July, 1873, when, after applying that monthly payment, the balance was $94.66.

The judge found as a fact that it was then agreed by the parties that each future monthly payment should be applied to paying each future monthly account in the first instance, leaving still outstanding this $94.66, to be paid from any excess of funds ; that, at the time of the service on the trustee, this old account had been reduced, by a payment of $10, to $84.66, and the amount due on the new account to the claimant was nearly $50, both together exceeding the amount of funds in the hands of the trustee.

The judge also found as a fact that the assignment was not made, nor were the subsequent arrangements between the parties made, with any intent on the part of the claimant or the defendant to defraud the creditors of the latter, but were made as the claimant properly required security, and that the payments of money by the claimant to or for the defendant were only in cases of necessity for his support.

It appeared that at the time the claimant took the present assignment, having held previous ones, he knew the defendant was indebted, and, after he took this assignment, knew that he was indebted to the plaintiff and several others, and had been for a long time, and that, with that knowledge, from the moneys received under this assignment, he had paid over at different times to the defendant, or to others for his benefit, as heretofore stated, amounts sufficient, if they had been reserved and applied, to have paid the claimant's full account against the defendant, and left a sufficient balance in the trustee's hands to satisfy the plaintiff's claim ; that he had continued to do so until the present time, and had paid over to the defendant since July, 1873, enough to pay the claimant's entire claim and the demand of the plaintiff.

The plaintiff asked the judge to rule as follows : " 1. That the assignment was not valid on its face, and would not hold the funds after February 1, 1874, as against a trustee process.

" 2. That if, at the time of service on the trustee, the claimant had received enough to have paid his debt, since he took the assignment, he cannot claim the funds in the hands of the trustee in this action, it being admitted that the claimant knew that there were creditors whom the defendant owed.

" 3. That the claimant having paid over money to the defendant, knowing that there were other creditors, and the payments being received without any special application, the law will apply them."

The judge refused the first and second requests, and on the third ruled that if no agreement was made, nor any special application, the payments would be applied to the oldest outstanding items ; but that this rule did not apply when an agreement was made as to the application.

The judge found for the claimant; and the plaintiff alleged exceptions.

*C. A. Merrill*, for the plaintiff.

*F. T. Blackmer*, for the claimant.

COLT, J.   The court could not properly rule as matter of law that the assignment was not sufficient to transfer all wages due after February 1, 1874.   The sentence in which this date occurs expressly refers to the more prominent previous clause extending the assignment to February 1, 1875, and is plainly not intended to limit its effect.   It is a manifest clerical error.

The facts relied on by the plaintiff to impeach the validity of the assignment were entitled to consideration as bearing upon its alleged fraudulent character.   But on that point it was found as a fact that there was no intent on the part of the claimant or the defendant, either in making the assignment or in the transaction under it, to defraud the creditors of the latter.   The payment of money by the claimant to or for the defendant, only in cases where it was necessary for his support, would not be conclusive evidence of fraud, or impair his claim to indemnity out of the wages assigned for all supplies furnished, and this claim amounts to more than the funds in the hands of the trustee.

The appropriations made by the parties at the time the several sums were received, if made with no intention to defraud creditors, were valid, and there was no occasion to apply the rule of law which prevails, when no appropriations are made by the parties.                                   *Exceptions overruled.*