## SOMERS *v.* EMERSON.

The statute exempting from attachment and execution beasts of the plough, not exceeding a yoke of oxen or a horse, when required for farming or teaming purposes, or other actual use (Laws of 1871, *c.* 30), does not exempt a wagon or a harness.

The question whether a horse is exempt includes a question of fact to be determined at the trial term.

TROVER, for a horse, wagon, and harness attached by the defendant, and claimed by the plaintiff as exempt from attachment.

*Gould*, for the plaintiff.

*Spring*, for the defendant.

STANLEY, J. "Beasts of the plough, not exceeding a yoke of oxen or a horse, when required for farming or teaming purposes, or other actual use," are exempt "from attachment or levy on execution."

This exemption is not to be extended beyond its fair and legitimate import. It may be argued that a horse without a wagon and harness would be of little use to the debtor in his business, and therefore, when a horse was exempted, such other things as were possessed by the debtor, and were necessary in order to make those which were exempted useful to him, were also exempted. But this is not so. The statute of exemptions is one of details. It leaves nothing to be inferred. While it exempts the cooking-stove, six sheep, a hog and a pig, comfortable beds, and one cow, it does not leave it to be inferred whether the furniture of the stove, the fleeces of the sheep, the pork of the slaughtered swine, bedsteads and bedding, and hay for the cow are also exempted, but it expressly declares that they are. The design of the law was, not to leave open to litigation the great number and variety of questions as to what other things the debtor may need, to enable him to enjoy those specifically exempted.

Whether or not questions of fixtures and necessary incidents may arise, we think there is no doubt in relation to wagons and harnesses. They are not exempt. Was the horse exempt? The statute does not exempt a horse in all cases, as it does furniture, tools, a cooking-stove, and many other articles, but only when required for actual use : and the kind of use is limited. It is not a use of pleasure, or trade, or amusement. A horse is exempted as a " beast of the plough"—an ancient term in the law signifying the ordinary uses of husbandry, or other actual labor in a lawful and useful industry. The same idea is conveyed by the particular description, when required for farming or teaming purposes, or other actual use, calling distinctly for the rule, *ejusdem generis.* That rule imposes the limitations of labor, of such kind as the necessities of the debtor may require.

Nor is it enough that the horse may have been actually required for the use of the debtor's family. It is the actual use, by the debtor himself, that brings it within the statute. The exemption law discriminates, in several significant instances, between the wants of the debtor and the wants of his family. When an exemption is not absolute, and is intended for the benefit of the family, the family is named. Beasts of the plough are not exempted for the use of the debtor's family.

Whether the plaintiff's horse, when attached, was required for his actual working use, was a question of fact. The question is, whether at that time the horse was reasonably necessary for such a use in the plaintiff's business. This question of fact must be determined at the trial term.

*Case discharged.*

Sawyer, J., did not sit.