TILTON *v.* SANBORN.

The vendee of chattels sold in fraud of the vendor's creditors cannot set up the vendor's right of exemption from attachment in defence of an action by the creditors for the recovery of the property.

TROVER, for hay. The plaintiff, being a deputy of the sheriff, attached the hay as the property of Nathan A. & William F. Parker, described in the writ as late co-partners. Prior to the attach-

ment, the defendant purchased the hay, leaving it in the barn where it was attached. Subsequent to the attachment he removed the hay. The referee found the sale fraudulent as against Parker's creditors, and the defendant guilty. The defendant claimed that four tons of the hay was exempt from attachment to each of the Parkers, and that the plaintiff acquired no title thereto by his attachment.

*Lord*, for the defendant.

*G. C. & G. K. Bartlett*, for the plaintiff.

ALLEN, J. The case of *Currier* v. *Sutherland*, 54 N. H. 475, is authority that exempted property may, by the debtor, be sold in fraud of creditors. And when the title to exempted property has passed to another by sale, the proceeds in the hands of the vendee are not exempted from attachment by trustee process. *Manchester* v. *Burns*, 45 N. H. 482; *Wooster* v. *Page*, 54 N. H. 125. The benefit of exemption is given by the statute to the debtor, and not to another person to whom the debtor may have sold the property, and nothing is left to be inferred. *Somers* v. *Emerson*, 58 N. H. 48, 49.

The defendant purchased the hay, but permitted the possession to remain with the debtors, and the want of a change of possession was not satisfactorily explained. Whether or not there was fraud in fact was immaterial. Want of a change of possession in law made the sale fraudulent as to the vendors' creditors, and the defendant could not, in answer to the action, set up any right of the vendors to exemption. None of the hay was exempt.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.