CUTTING *v.* TAPPAN.

The question whether a horse, when attached, was required for the owner's actual use, is a question of fact to be determined upon competent evidence.

TROVER, for a horse attached by the defendant, and claimed by the plaintiff as exempt.   Facts found by a referee.   Before February 10, 1879, the plaintiff used the horse in his staging business between New London and Bradford.   February 9, he abandoned that business, and determined to seek other occupation.   In the

morning of February 10, he left the horse and other stage property in the care of an agent, and went in search of employment, intending to find work by which he could earn his living by teaming with this horse. Afterwards on the same day the horse was attached by the defendant. In a day or two the plaintiff made a bargain to work with the horse, teaming for a merchant of Sutton.

*Flanders*, for the plaintiff.

*Albin*, for the defendant.

Staging was the plaintiff's only business, and this he abandoned the night before the horse was attached. From that down to the time he closed his arrangement with the merchant at Sutton he was out of business. When the attachment was made he was not engaged in farming or teaming, nor had he any other actual use in which the labor of the horse was required.

Doe, C. J. The question is, whether the horse at the time of its attachment was required for the plaintiff's actual use. G. L., *c.* 224, *s.* 2, § 12. On this question of fact there is evidence to be considered by the referee. *Somers* v. *Emerson*, 58 N. H. 48; *Rice* v. *Wadsworth*, ante 100; *George* v. *Fellows*, ante 206.

*Report recommitted.*

Foster, J., did not sit: the others concurred.