GRAFTON.

---

## HALL v. JOHNSON.

The appointment of appraisers to set off a homestead is a recognition, by the officer levying an execution, of the existence of a homestead right in the claimant; and his subsequent proceedings in making the levy must conform to the provisions of the homestead law.

Where the homestead right is in an equity of redemption, and the appraisers certify that the premises cannot be divided without injury,

and appraise the whole at more than $500, the claimant may waive the provision of Gen. Laws, c. 138, s. 13, giving him sixty days, by notifying the officer and creditor, at the time of the sale, that he shall not pay the surplus.

Such a notice by the claimant is a consent by him to a sale of the equity upon the conditions provided in the statute.

ASSUMPSIT, to recover $500 in lieu of a homestead right. Facts found by the court. October 31, 1884, the defendant, a deputy sheriff, having in his hands executions against the plaintiff and her husband, recovered in suits wherein their equity of redemption in their homestead place in Littleton had been attached, commenced a levy of the same, and notified the Halls that the equity would be sold Dec. 1, 1884. The sale was twice adjourned; and on January 2, 1885, the equity was sold for $644.04, which sum, less his fees, the defendant applied on the first execution, in full satisfaction thereof. December 16, 1884, the Halls requested the defendant, in writing, to cause a homestead to be set out to them of the value of $500, and on the day of the sale he caused three appraisers to be sworn for that purpose, who certified their opinion to him that the premises could not be divided without injury, and appraised the whole interest of the Halls therein at $583.84. The Halls did not redeem, nor pay the amount by which the appraisal exceeded their homestead right, but notified the defendant that they should not do so. The creditor did not pay over to the officer the sum of $500, according to the provision of the statute. November 14, 1886, the Halls made a demand in writing on the defendant for $500, claiming the same under the provisions of Gen. Laws, c. 138, s. 18, and notified him of their agreement that it should be paid to the plaintiff, Mrs. Hall.

*Aldrich & Remich*, for the plaintiff.

*Bingham, Mitchells & Batchellor*, for the defendant.

ALLEN, J. The defendant, a deputy sheriff, having writs of execution against the plaintiff and her husband, who owned an equity of redemption in land occupied by them as a homestead, commenced the levy of his executions by giving notice of the intended sale of the equity. Application for a homestead having been made by the Halls, the appraisers appointed to set off the same found and reported that the estate could not be divided without injury, and that the value of the equity, including the homestead right of $500, was $583.84. The Halls notified the defendant and the execution creditor that they should not pay the surplus of $83.84, and take a title to the whole equity. Thereupon the defendant proceeded to sell the equity to the high-

est bidder, who was the first execution creditor, for the amount of the debt and costs and the charges of sale, applied the whole sum less the charges in satisfaction of the execution, and conveyed the equity by deed to the creditor.   The equity having been sold for more than $500, the plaintiff claims to recover that sum of the defendant as the statutory value of the homestead interest.

The whole equity, including the homestead right, having been appraised at more than $500, the debtors notified both the defendant and the creditor of their refusal to pay the surplus beyond that sum, as they might do under the statute.   G. L., *c.* 138, *ss.* 12, 13, 14.   The debtors not paying the surplus beyond the $500, the creditor might have paid to the officer the sum of $500, and compelled the defendant to sell the whole equity in discharge of that sum and the debt.   *Ib., s.* 15.   No one of the creditors paid the $500, and it then became the duty of the defendant to sell the equity of redemption as such estates are sold on execution, if more than $500 were bid, and apply the surplus above that sum upon the execution.   *Ib., s.* 16.   By section 13 sixty days is given to the homestead claimant in which to elect to pay the surplus and retain the property, or refuse such payment and leave the property to be sold.   This section of the statute is for the benefit of the homestead owner, and the election of the debtors not to pay the surplus at a time much short of the sixty days was a waiver by them of the right to a delay of the sale for that length of time. Notice to the defendant and the creditor of a refusal to pay the surplus was a consent to the sale, upon the implied condition that, if a sale were made, $500 of the proceeds should be paid to the plaintiffs in accordance with the statute.   Having waived the right to a delay of the sale for sixty days, having consented to a sale within that time, the plaintiff cannot and does not object to the sale.   The defendant, having made the sale without objection and by consent of the debtors, cannot object to the legality of his own act.   Having recognized the plaintiff's right to a homestead in the commencement of his levy by the appointment of appraisers to set off the homestead, and having received their report that a division of the estate by set-off would be injurious, it must be presumed, in the absence of anything to the contrary, that the defendant made the sale under the provisions of the same statute, viz., *c.* 138.   He did not make the sale disregarding the plaintiff's homestead right, for his recognition of that right, as a part of his proceedings in making the levy, forbids the idea that he intended to ignore that right in his subsequent proceedings in making the sale.   The creditor, after notice of the debtors refusal to pay the surplus, did not pay the $500 to the defendant, and was a purchaser with notice of the plaintiff's right and of their refusal to pay the surplus.   With such notice he was a purchaser for a larger sum than $500, and he accepted a deed of the whole equity freed from the incumbrance of the homestead right.   He cannot object

to a sale to which he was a party with knowledge of all the material facts.

In electing the alternative of not paying to the defendant the surplus of the appraised value beyond $500 and not retaining the equity, the debtors relied upon the defendant's making a sale in accordance with the statute, and receiving $500 in money if more than that sum should be bid. Having sold the whole equity for a larger sum, the defendant cannot claim that the sale was made under a different statute (c. 238) providing for the sale of an equity of redemption where no homestead right is claimed or is in question. The sale being made after a recognition of the homestead right in the proceedings for levying the execution, the defendant cannot claim that the sale, which was a part of those proceedings, was in disregard of the homestead right, nor of the statute authorizing the sale. The sale was a legal one, made under the statute providing for the sale upon execution of land in which the debtor has a homestead interest, when the homestead cannot be set off without injury to the estate, and the payment of the value of the homestead to the debtor, if they agree. *Ib.*, s. 18.

The language of the statute (s. 18) is, "the said sum of five hundred dollars, whether paid by the creditor or derived from the sale, shall be paid by the officer, as the debtor and his wife, if living, or the guardian of the children, may, in writing, agree." No language could be plainer as to the sum to be paid, and there is room for only one construction. If the legislature intended that the money should be used in the purchase of another homestead, a homestead of the value of five hundred dollars could not be purchased without five hundred dollars in money to pay for it with. And if it was intended that the homestead owners, in the absence of such use of the money, should enjoy the use or income of it only, it should be placed in their own hands or in the hands of a trustee for the purpose. The statute provides for no trustee except a savings-bank, and that provision is made only for the case of the husband's and wife's disagreement. The plaintiff and her husband joined in a written demand for the money and an agreement that it be paid to her. The defendant having received the money from the sale and conveyance of the homestead right, there is no provision of law, nor upon the facts in the case is there any equitable ground, entitling him to withhold it from the plaintiff, and she is entitled to be paid the full sum of five hundred dollars.

*Judgment for the plaintiff.*

All concurred.