PROVENCHER v. BROOKS *and Trustee, and* CHILDS, *Claimant.*

An assignment of wages to be earned, made for the expressed purpose of providing for the future support of the assignee and his family, is not, as matter of law, fraudulent as to existing creditors of the assignor.

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimant. Facts found by the court. December 7, 1885, the defendant, by his deed of that date, in consideration of his then indebtedness to the claimant, and in further consideration " that the said Childs shall furnish and pay for my and my child's board, and pay as much as possible towards whatever other claims may be held against me by other parties," assigned to Childs the wages then due and to become due to him from the trustee for the term of six months. The assignment also contained the following : " And it is furthermore agreed between us that whatever sum over and above the amount she will have expended shall remain in her hands at the expiration of the aforesaid six months, she, the said Childs, will return to me." The writ was served on the trustee February 4, 1886. At the date of the assignment the defendant was indebted to Mrs. Childs in the sum of $21.50. She took the assignment to secure her for that indebtedness, and for his board and that of his child during the next six months. She hired him and his child boarded with one Kent, to whom she paid $64.00. She has received of the trustee under the assignment $46.70. The defendant is still indebted to her in a greater amount than the sum due to him from the trustee. She had no purpose to hinder or delay the defendant's creditors, and there was no fraud in fact.

*S. D. Lord*, for the plaintiff. The instrument under which this assignee claims is fraudulent as to the plaintiff. (1) It is expressly declared to be upon a consideration not then in existence, but expected to arise in the future, namely, pay for the future board of the defendant and his child. (2) It provides on its face for the " return to me " of whatever may be left in her hands at the expiration of six months. This is a clear provision for putting his wages to be earned beyond the reach of his creditors, and securing the return of them ultimately to himself. The case of *Runnells* v. *Bosquet*, 60 N. H. 38, applies.

*I. L. Heath*, for the claimant.

CARPENTER, J. The question is, whether a provision in a laborer's assignment of his future wages, that they, or a part of them, shall be applied to provide necessaries for himself and his family, is merely evidence of fraud, or fraudulent as matter of law —" conclusive proof of a fraudulent intent to defeat creditors." *Coolidge* v. *Melvin*, 42 N. H. 510, 522, 530. The question is not touched by *Runnells* v. *Bosquet*, 60 N. H. 38. In that case it was found as a fact that the assignment was made without consideration and with fraudulent intent. There is a distinction between assignments of future earnings and assignments of existing property for such a purpose. In the latter case attachable property is clothed with a false title, made apparently the property of another,

while in the former nothing passes which a creditor could seize. It stands much like a similar conveyance of property exempt from attachment. It may be, but cannot be presumed to be, fraudulent. *Currier* v. *Sutherland*, 54 N. H. 475. If A conveys his lands or assigns his personal estate to B with an agreement that a part or all of the avails shall be appropriated by the latter to the support of the former, or otherwise, for his benefit, A's creditors are necessarily hindered and delayed from reaching property by law chargeable with his debts; but a like conveyance of property exempt from attachment, or which for any reason is not then liable to be taken for his debts (as unearned wages), does not necessarily have such an effect.

The debtor's earnings after service of process on the trustee are exempt in all cases, and, as against all claims except for necessaries, his previous earnings to the extent of twenty dollars. Gen. Laws, c. 249, s. 40. An assignment of twenty dollars then due, to be applied to the procurement of necessaries for the debtor or his family, cannot be declared fraudulent in law in favor of a creditor whose claim is not for necessaries; no more can a like assignment of future wages be so declared in favor of a creditor whose claim is for necessaries. Future earnings are exempted to the laborer against all claims, including those for necessaries, because they are supposed to be required for his support and that of his family, and to the end that he may so apply them. *Redington* v. *Dunn*, 24 N. H. 166, 167. The debtor's application of them to that purpose by means of an assignment or otherwise, cannot be declared a fraud in law. It may be fraudulent: whether it is or is not is a question of fact to be determined upon all the evidence. *Lannan* v. *Smith*, 7 Gray 150; *Gragg* v. *Martin*, 12 Allen 498; *Schofield* v. *McConnell*, 119 Mass. 368. It being found that there was no fraud, there must be

*Judgment for the claimant.*

SMITH, J., did not sit: the others concurred.