Carroll, ⎱
Dec., 1895. ⎰

### BROOKFIELD v. SAWYER & a.

The fraudulent grantee of a homestead cannot maintain trespass, *qu. cl.*, against a creditor of the grantor who has subsequently taken a part of it on execution.

TRESPASS, *quare clausum.* Trial by jury and verdict for the defendants. September 5, 1894, Joseph Pike conveyed his homestead premises to the defendant Sawyer, by a warranty deed in which his wife did not join. The conveyance was fraudulent and void as against the plaintiffs. The premises were in two parcels, one containing about four acres having a dwelling house, barn, and other buildings upon it, situate on one side of a highway, and the other containing about twenty acres of pasturage and tillage land situate on the other side of the highway. Pike's family resided upon the premises, and consisted of himself, wife, and a female servant.

June 6, 1895, the plaintiffs levied an execution, issued upon a judgment recovered by them against Pike, upon the twenty-acre parcel, the same being set off at $86.21. The four-acre parcel, with the buildings upon it, was then of the value of $385. The officer who made the levy was not requested by Pike or his wife to set off a homestead for them, and did not set off one, nor make the levy subject to their homestead right. No allusion to the homestead right was made in the return of the levy.

If the levy was valid, the verdict should be set aside and judgment should be rendered in favor of the plaintiffs for damages in

the sum of $15 and interest from October 22, 1895; otherwise, there should be judgment on the verdict.

*Worcester, Gafney & Snow* and *James A. Edgerly,* for the plaintiffs.

*Fred B. Osgood* and *Arthur L. Foote,* for the defendants.

BLODGETT, J.  Limited to its facts, the case presents but the single inquiry whether the fraudulent grantee of a homestead can maintain trespass *quare clausum,* against a creditor of the grantor who has subsequently taken a part of it on execution. This inquiry is decisively answered by *Currier* v. *Sutherland,* 54 N. H. 475 (approved more or less directly in *Tilton* v. *Sanborn,* 59 N. H. 290, 291, and *Provencher* v. *Brooks,* 64 N. H. 479, 481), in which it was held that a conveyance of property which is exempt from attachment or levy may be fraudulent and void as to creditors; that the right of homestead, being personal to the parties in whom it exists, is not assignable, and cannot be set up as a defence by a fraudulent grantee; and that such grantee cannot recover possession against a creditor of the grantor who has taken the homestead on execution.

While the decision in *Currier* v. *Sutherland* is doubtless not in accord with the majority of decisions in other jurisdictions (Thomp. H. & Ex., ss. 408–413; Bump Fr. Conv. (2d ed.) 242), it is nevertheless supported by a strong minority of them, as well as by its own " forcible reasoning " (Thomp. H. & Ex., s. 417), against which, in our opinion, no satisfactory objection has as yet been urged.

*Verdict set aside; judgment for the plaintiffs for $15 and interest.*

CHASE, J., did not sit: the others concurred.