Hillsborough, )
  June, 1899.  )

### ROBINSON *v.* BURKE.

Damages recovered for the conversion of property exempt from attachment
    may be reached by trustee process in the hands of the judgment debtor.

MOTION, by Gleason, for stay of execution in *Robinson* v. *Burke.*
After the plaintiff had recovered judgment in this action, which is
trover against a deputy sheriff for attaching goods which were ex-
empt from attachment, Gleason, a creditor of Robinson and not a
party to any prior proceedings, sued him, summoned Burke as
trustee, and moved for stay of execution until his action against
Robinson should be determined. Robinson opposed this motion
upon the ground that the verdict so far partook of the nature of
the property converted as to be itself exempt from attachment.
Execution was stayed, and Robinson excepted.

*David W. Perkins,* for Robinson.

*Andrews & Andrews,* for Burke.

*William W. Forbes,* for Gleason.

YOUNG, J. All property which can be taken on execution can
be attached on mesne process. P. S., *c.* 220, *s.* 1. At common
law, all the debtor's property, with a few trifling exceptions not
material in this case, could be taken on execution, and it follows
that all of his property which is not exempted by statute can be
taken now. Damages recovered for the conversion of property
exempt from attachment are not themselves exempted by statute
(P. S., *c.* 138, *s.* 1; *Ib., c.* 220, *s.* 2; *Ib., c.* 245, *s.* 20), and can be
reached in the hands of the judgment debtor by trustee process
unless they so far partake of the nature of such property as to be
exempt for that reason. Generally, the proceeds of such property
are not exempt from attachment. *Morse* v. *Towns,* 45 N. H. 185;
*Manchester* v. *Burns,* 45 N. H. 482, 488; *Wooster* v. *Page,* 54 N. H.
125; *Currier* v. *Sutherland,* 54 N. H. 475, 487; *Hall* v. *Johnson,*
64 N. H. 481; *Brookfield* v. *Sawyer,* 68 N. H. 406. This case is
no exception, for no good reason can be given why one rule should
be applied to damages recovered for the conversion by third
parties of property exempt from attachment, and another rule to
damages recovered upon a policy of insurance covering such prop-
erty. *Wooster* v. *Page, supra.*

The reason why the plaintiff in the original action against Robinson cannot take the proceeds of this judgment to satisfy his debt, is that no one will be allowed to profit by his own wrong and do by indirection that which he could not do in a direct proceeding, and not because the judgment so far partakes of the nature of the property as to be itself exempt from attachment.

*Exception overruled.*

Peaslee, J., did not sit: the others concurred.