## BEALS v. HILL.

A defendant is not estopped to set up an assignment of property as a defence of payment, by reason of his having obtained a continuance of the action at a former term, upon his affidavit that he was advised by counsel and believed that his claim for the assignment probably could not be allowed as a set-off, and that, for reasons stated, judgment should not be rendered against him before he had an opportunity, in a pending suit on his claim, to obtain a judgment which might be set off against the plaintiff's judgment.

ASSUMPSIT, on notes.   The plaintiff objects to the admission of evidence tending to show that the notes had been paid by the assignment of a patent right.   At a former term, the defendant had obtained a continuance upon his affidavit that he was advised by his counsel and believed that his claim for the assignment probably could not be allowed as a set-off, and that, for reasons stated, judgment

should not be rendered against him before he had an opportunity, in a pending suit on his claim against the plaintiff, to obtain a judgment which might be set off against the plaintiff's judgment in this suit. The defence offered had never been adjudicated. The plaintiff contends that the defendant is estopped to set up the assignment as a defence of payment. The evidence of payment being rejected, and a verdict ordered for the plaintiff for the amount of the notes, the defendant moves for a new trial.

*Burns & Heywood*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendant.

BINGHAM, J.   The court rejected evidence tending to show that the notes were paid. This was a meritorious defence, and it should not have been rejected except for good cause. The reason assigned for rejecting it was, that the defendant made the affidavit described in the case.   It is apparent that the defendant was misinformed as to his legal rights at the time he made affidavit.   He then believed that he would be unable to avail himself of this defence in the trial of this action.   He afterwards learned that he could, and offered to do so. The court rejected it, on the ground that he was estopped.   The merits have never been tried.   So long as the merits of a case remain untried, the court will relieve a party, who, under misapprehension, or a want of proper knowledge of his case, has in good faith filed pleadings or made agreements that operate to defeat a full presentation of his rights.   *Wells* v. *Iron Co.*, 48 N. H. 491, 524–526 ; S. C., 50 N. H. 85, 89.

The defendant does not appear to have been guilty of fraud or bad faith, and we do not think that the case made was such as estopped the defendant from showing his defence.

*Verdict set aside.*