KAULBACK *v.* CHURCHILL.          ⑥

When the terms of a contract made by an agent are clear, they are to have the same construction and legal effect whether made for a domestic or for a foreign principal.

ASSUMPSIT, for apples sold and delivered. The defendant, residing in this state, was the agent of A. & O. W. Mead & Co., a

firm doing business in Boston, and all its members resident in Massachusetts. At the time of the sale of the apples, the plaintiff was informed and knew that the defendant was acting as agent of the firm. A referee found for the defendant.

*Mellows,* for the plaintiff. A. & O. W. Mead & Co. resided and did business in Massachusetts, which as to matters of this kind is a foreign state. *Emery* v. *Berry,* 28 N. H. 473, 486; 1 Gr. Ev., *ss.* 489, 504. Agents or factors, acting for merchants resident in a foreign country, are held personally liable upon all contracts made by them for their employers; and this without any distinction whether they describe themselves in the contract as agents or not. Story Agency, *ss.* 267, 268, 290, and cases cited; *McKenzie* v. *Nevius,* 22 Me. 138. We say that in case of a principal residing in a foreign state, whether the agency is disclosed or not at the time of the contract, the plaintiff has his election to hold either principal or agent responsible. 2 Kent Com. 631, notes, and cases cited.

*Marston & Eastman,* for the defendant.

CLARK, J. "If a duly authorized agent uses such terms as legally import an undertaking by the principal only, the contract is that of the principal, and he alone is the party by whom it is to be performed." Met. on Cont. 106. Whether the defendant assumed a personal liability in making the contract is a question of fact, which has been determined by the finding of the referee. *Noyes* v. *Patrick,* 58 N. H. 618. The fact that the firm of A. & O. W. Mead were residents of Massachusetts, doing business there, is not of itself a ground for holding the defendant personally liable. "The present doctrine is, that when the terms of a contract made by an agent are clear, they are to have the same construction and legal effect whether made for a domestic or for a foreign principal." Met. on Cont. 111. The statement cited by the plaintiff, from Story Agency, *s.* 268, is not now recognized as the law, excepting perhaps in Maine and Louisiana. Met. on Cont. 111; *Bray* v. *Kettell,* 1 Allen 80; *Kirkpatrick* v. *Stainer,* 22 Wend. 244; *Oelricks* v. *Ford,* 23 How. 49.

*Judgment for the defendant.*

BINGHAM, J., did not sit: the others concurred.