the plaintiffs, heirs-at-law of N. A. D., claimed that the deed was obtained by fraud. The other plaintiffs, legatees under the will of G. A. D., claimed that the farm conveyed was part of the estate of G. A. D., and that by the terms of the will N. A. D. was authorized to use and expend only so much of the estate as she needed for her support, and that the conveyance was unauthorized. The consideration of the deed was the defendant's agreement to support N. A. D. during life. The court at the trial term found that the deed was made without fraud or undue influence, in good faith, upon good consideration, and that the conveyance was reasonably necessary for the purpose of providing a home for N. A. D., and dismissed the bill; and the plaintiffs excepted.

*A. Whittemore, Jr.*, and *W. L. Foster*, for the plaintiffs.

*Wiggin & Fuller*, for the defendant.

CLARK, J. No question of law is raised in this case. The material allegations of the bill are not sustained by the facts found.

*Exceptions overruled.*

STANLEY and ALLEN, JJ., did not sit: the others concurred.

---

[Strafford, June, 1884.]

### KAULBACH *v.* KAULBACH *& a.*

IN EQUITY. The facts being insufficiently found, a new trial was ordered.

*Carter & Nason* and *Wiggin & Fuller*, for the plaintiff.

*A. L. Mellows* and *Frink & Batchelder*, for the defendants.

---

[Merrimack, June, 1884.]

### DUDLEY *v.* PEASLEE.

CASE, for deceit in the sale of a straw-board mill, comprising real estate, water rights, machinery, and stock.

The plaintiff went into possession under a written agreement for purchase, dated January 24, 1880. By the conditions of the agreement the plaintiff was to receive a deed of the property by September 1, 1880, provided the payments specified in the agree-