### RINDGE v. SARGENT.

The reasonableness of a use of land which obstructs the flow of surface-water over it is determined by its operation upon the interests of all parties affected by it.

BILL IN EQUITY, to restrain the defendant from obstructing the free and natural flow of surface-water from the plaintiff's land over and across the defendant's land. Facts found by a referee.

*Lane & Dole* and *Batchelder & Faulkner*, for the plaintiff.

*L. Wellington* and *C. B. Eddy*, for the defendant.

CARPENTER, J. If the use made by the defendant of his land in obstructing the flow of the surface-water over it is to be considered by itself, independent of the relations of his land to surrounding lands, and without regard to the injury or inconvenience which the obstruction may cause to others, the referee finds that the defendant's use of his land is reasonable; but if such reasonable use is to be determined, not solely in view of the defendant's interest and convenience, but in view, also, of the interest and convenience of surrounding land-owners, he finds that the defendant's use of his land, by which the surface-water is made to set back upon, overflow, and prevent the drainage of the plaintiff's land, is unreasonable. If the use is reasonable, there is to be a decree for the defendant; if unreasonable, for the plaintiff.

The owner of the soil may put it, and the water falling, resting, or flowing upon it or percolating through it, to any use he pleases that is not injurious to another. In such case the question of the reasonableness of the use does not arise. Reasonableness or unreasonableness, in a legal sense, cannot be predicated of a use by which the rights, interest, and convenience of no one but the party exercising it are affected. A use is reasonable which does not unreasonably prejudice the rights of others. In determining the question of reasonableness, the effect of the use upon the interests of both parties, the benefits derived from it by one, the injury

caused by it to the other, and all the circumstances affecting either of them, are to be considered. *Bassett* v. *Company*, 43 N. H. 569; *Hayes* v. *Waldron*, 44 N. H. 580, 584, 586; *Swett* v. *Cutts*, 50 N. H. 439, 446; *Thompson* v. *River Co.*, 58 N. H. 108, 111; *St. Helen's Smelting Co.* v. *Tipping*, 11 H. L. Cas. 642.

*Decree for the plaintiff.*

BINGHAM, J., did not sit: the others concurred.