GILLIS *v.* CHASE.

SAME *v.* CUMMINGS & *a.*

SAME *v.* WINN.

SAME *v.* WEBSTER.

SAME *v.* CLYDE.

A riparian owner is not liable for a reasonable use of water passing his land, whether for his own purposes or for sale to others, and the reasonableness of his use is a question of fact.

CASE, for diverting water and diminishing the flow upon the plaintiff's land. Facts found by the court.

The plaintiff and one J. S. Winn are riparian owners, Winn's land being above the plaintiff's. About fifteen years ago Winn built a dam to hold back the water, thus forming a reservoir from which by an aqueduct he supplied water to his farm buildings. He also permitted the defendants, who are not riparian owners, to connect aqueducts with the reservoir and thereby supply their buildings with water, conveying to them by deed a right to such

use. The defendants all claim the right to take the water from the reservoir under J. S. Winn, the owner of the land where the reservoir is located, and the owner of a part of the meadow from which the water is collected. The use of the water made by the several defendants is reasonable as to the quantity used, and the sale of the water by Winn to them is a reasonable use of it. The water used does not return to the stream, but the amount is so small as to make no difference that would probably be perceptible in the stream flowing through the plaintiff's land.

*Henry B. Atherton*, for the plaintiff.

*Charles H. Burns*, for the defendants.

BLODGETT, J. The case finds that " the defendants all claim the right to take the water from the reservoir under J. S. Winn, the owner of the land where the reservoir is located, and the owner of a part of the meadow from which the water is collected."

In virtue of this ownership, Winn's right to divert the water for use to a reasonable extent was incident to the land; and, as the plaintiff has failed to show any actual damage, it is only for an unreasonable and unauthorized diversion that the law will imply damage to him, because each riparian proprietor having the right to a just and reasonable use of the water as it passes through and along his land, it is only when he transcends his right by an unreasonable and unauthorized use of it that an action will lie against him by another proprietor whose common and equal right to the flow and enjoyment of the water is thereby injuriously affected. And as the reasonableness of the use is, to a considerable extent, a question of degree, and largely dependent on the circumstances of each case, it is to be judged of by the jury, and must be determined at the trial term as a mixed question of law and fact. *Jones* v. *Aqueduct*, 62 N. H. 488, 490; *Rindge* v. *Sargent*, 64 N. H. 294, 295. This question having been found adversely to the plaintiff by the trial court, the finding is conclusive against him (*Jones* v. *Aqueduct, supra*), and consequently the only question now open to him is as to the right of Winn, in his character as a riparian proprietor, to sell the non-riparian defendants any of the water belonging to him as incident to his land.

The English rule is understood to be, that " A riparian owner cannot, except as against himself, confer on one who is not a riparian owner any right to use the water of the stream, and any user by a non-riparian proprietor, even under a grant from a riparian owner, is wrongful." *Ormerod* v. *Mill Company*, L. R. 11 Q. B. 155; *Swindon Water Works Co.* v. *Wilts & Berks Canal Nav. Co.*, L. R. 7 H. L. 697; *Nuttall* v. *Bracewell*, L. R. 2 Ex. 1. But the rule is otherwise in this jurisdiction, for it is held here to be a

question of fact, whether the use of the water made by a riparian owner for his own purposes, or for sale to others, is, under all the circumstances, a reasonable use.   *Jones* v. *Aqueduct* and *Rindge* v. *Sargent, supra.*   And in view of the finding that the sale of . the water to the defendants by Winn is a reasonable use of his right as a riparian owner, the plaintiff has no standing on this branch of the case.

*Judgment for the defendants.*

CLARK, J., did not sit: the others concurred.