Hillsborough, ?
　June, 1896. }

### MARTIN *v.* LIVINGSTON.

When the facts reported merely disclose evidence which might justify a verdict for either party, the question involved is not one for consideration at the law term.

ASSUMPSIT, for beef, apples, and veal sold and delivered. Facts found by the court. The goods were brought from Goffstown and sold by the plaintiff at a store in Manchester carried

on by the defendant's wife, for whom the defendant was a clerk without pecuniary interest in the stock. The defendant bargained with the plaintiff for the goods, the plaintiff supposing that the defendant was carrying on the business of the store. There was nothing to indicate who was the proprietor. The defendant made no representation by words or actions designed or intended to indicate ownership of the store, but the plaintiff supposed he was the owner and traded with him as such, believing him to be solvent. The plaintiff testified that he asked the defendant to pay for the goods, and he promised to do so. The defendant denied any such conversation, and there was no preponderance of evidence either way. There was no evidence that the plaintiff demanded payment of any one else. Since this action was brought the defendant's wife has been declared insolvent, and her assignee realized $117 from the sale of the goods in the store. If the plaintiff can maintain this action, he is entitled to a verdict for $71.87, with interest from the date of the writ; otherwise, the defendant is entitled to a verdict.

*Burnham, Brown & Warren,* for the plaintiff.

*Alpheus C. Osgood,* for the defendant.

BLODGETT, J. This case is not properly here. The facts reported simply afford competent evidence tending to prove or disprove the issue between the parties, and which might justify a verdict either way. In such a case, "the court will not assume to pronounce upon the weight of evidence." *Pray* v. *Burbank,* 11 N. H. 290; *Howard* v. *Farr,* 18 N. H. 457, 459; *Whitcher* v. *Dexter,* 61 N. H. 91, 92; *Jones* v. *Aqueduct,* 62 N. H. 488.

Whether the defendant assumed a personal liability, as claimed by the plaintiff, and whether the circumstances attending the transaction were such as should have put the plaintiff on inquiry, as contended by the defendant, are questions of fact which must be settled at the trial term. *Kaulback* v. *Churchill,* 59 N. H. 296, 297; *Janvrin* v. *Janvrin,* 60 N. H. 169, 172, 173; *Preston* v. *Cutter,* 64 N. H. 461, 468, 469.

*Case discharged.*

CLARK, J., did not sit: the others concurred.