Hillsborough, }
  Dec., 1898. }

STATE (*ex rel.* BORTHWICK & *a.*) *v.* HARRINGTON & *a.*

A verdict will be directed where only one conclusion can fairly be drawn from the evidence and it is plain a different verdict would be set aside.

PETITION, alleging that on July 19, 1897, the defendant Henry C. Fife was the occupant of premises on Nutfield lane in Manchester, and maintained a liquor nuisance therein; that the other defendants were the owners of said premises and suffered and permitted him so to do, and praying for an injunction to restrain and abate the nuisance.

The following issues were submitted to the jury: Did said Fife, on July 19, 1897, use the said premises for the sale, or the illegal keeping for sale, of spirituous or malt liquors, wine, or cider? Did each of the other defendants, on July 19, 1897, suffer or permit said Fife to use said premises for the illegal sale or keeping for sale of spirituous or malt liquor, wine, or cider? Upon these issues the jury found verdicts in favor of each of the defendants.

The plaintiffs introduced evidence showing that the defendant Fife had paid a United States revenue tax as a retail liquor dealer in Nutfield lane, Manchester, from July 1, 1894, to July 1, 1898; that he pleaded *nolo contendere,* to a charge of the offence of keeping spirituous liquor for sale, second offence, was found guilty and fined, upon November 16, and December 16, 1896, January 27, March 4, April 23, June 3, and July 19, 1897, and that he pleaded guilty to a like charge upon August 20, 1897. They also introduced evidence tending to show that he was the occupant of the premises on the date of the filing of the petition and for some years prior thereto; that the place had all the paraphernalia of a saloon, including bottles that contained liquids that looked like whisky, rum, ale, and lager beer; that he had frequently been seen behind the bar with the bartenders; and that people had been frequently seen in the premises drinking. The defendants introduced no evidence. There was evi-

dence on the question of what opportunity, if any, some of the landowners had of knowing of the illegal use of the premises, but there was no positive evidence that any of them knew of it.

At the close of the evidence the plaintiffs moved that the court direct a verdict against the defendants collectively and individually on the issues framed. The court denied the motion, and the plaintiffs excepted.

*William H. Sawyer, Albin, Martin & Howe,* and *Sherman E. Burroughs,* for the plaintiffs.

*David A. Taggart, Elijah M. Topliff, John P. Bartlett,* and *William H. Drury,* for the defendants.

WALLACE, J. A verdict will be directed when only one conclusion can fairly be drawn from the evidence and it is plain a different verdict would be set aside. *Arnold* v. *Prout,* 51 N. H. 587; *Allen* v. *Railroad, ante, p.* 271. The uncontradicted evidence clearly established the existence of the alleged illegal use of the premises. Upon that question there was no evidence which would support a verdict in favor of the defendants. This being so, there was no occasion to submit this question to a jury. As to the existence of the nuisance, a verdict should have been directed in favor of the plaintiffs.

The verdict on the second issue, that the landowners did not suffer or permit the illegal use of the premises, is not set aside, as there was evidence which warranted the submission of that question to the jury. The court sitting in equity, having submitted to the determination of a jury certain questions of fact, as it might where there is evidence to warrant such submission, under *State* v. *Saunders,* 66 N. H. 39, will dispose of this case in accordance with the principles enunciated in that case.

Verdict directed for the plaintiffs establishing the existence of the nuisance.

*Exceptions sustained.*

PIKE and PEASLEE, JJ., did not sit: the others concurred.