Belknap,   }
Nov. 7, 1905. }

DAME *v.* WOODS.

The court has no authority to amend an agreed case, upon motion of one of the parties.

Where questions of law presented by an agreed case have been considered and decided, the party moving for a rehearing on the ground of ambiguity in the record may apply to the superior court for relief from his agreement and a trial of the questions of fact; and such application is to be considered under the rules of law applicable to petitions for new trial.

MOTION, by the plaintiff, for a rehearing of the case as reported *ante, p.* 222. The plaintiff procured an amendment of the case, by which it appears that the facts were agreed to by the parties without a hearing upon the merits.

George *B. Cox* and *Walter S. Peaslee,* for the plaintiff.

*Jewett & Plummer,* for the defendant.

CHASE, J.    The original case purported to be transferred upon a finding of facts by the superior court; and this court, so understanding it, made the suggestion in the opinion relating to an amendment of the case (*ante, p.* 224), in accordance with the well established practice when there is ambiguity in the record which can be readily cured without a new trial.   It now appears that the facts were not found by the court, but were agreed to by the parties.   This change in the case renders the suggestion relating to an amendment inappropriate, as the court does not have authority to amend an agreed case.   *Bell* v. *Twilight,* 17 N. H. 528. The only course open to the court for removing ambiguity in such a case is to decline to consider the questions of law until the facts involved in them are fully and clearly presented.   *Kaulbach* v. *Kaulbach,* 63 N. H. 615 ; *Preston* v. *Cutter,* 63 N. H. 616 ; *Sargent Invalid Furniture Co.* v. *Sargent,* 65 N. H. 672 ; *State* v. *Lewis,* 66 N. H. 623 ; *Adams* v. *Varney,* 67 N. H. 596 ; *Martin* v. *Livingston,* 68 N. H. 562 ; *Laton* v. *Balcom,* 70 N. H. 635 ; *Morse* v. *Morse,* 71 N. H. 622.    If the court had understood that the facts were agreed to by the parties, and consequently could not be made fuller and more explicit without a further agreement, they might have thought that justice required them to avail themselves of this privilege; but having considered and decided the questions, this course is not now open.    The only course left to the plaintiff is. to apply to the superior court to be relieved from his agreement and for a trial of the questions of fact (*Heywood* v. *Wingate,* 14 N. H. 73 ; *Bell* v. *Twilight,* 17 N. H. 528 ; *Wells* v. *Iron Co.,* 48 N. H. 491, 526 ; *S. C.,* 50 N. H. 85, 89 ; *Beals* v. *Hill,* 58 N. H. 61)—a matter of which that court alone has jurisdiction.    If such application is made, it is to be considered, of course, under the rules of law applicable to petitions for a new trial.    The case emphasizes the necessity of a definite statement in transferred cases of the manner in which the facts are settled.

The court are still divided upon the main question in the case, as stated *ante, p.* 224.

*Motion denied.*

All concurred.