Hillsborough, }
Nov. 7, 1911. }

### LABRANCHE, *Adm'r*, *v.* ST. JEAN BAPTISTE SOCIETY.

Where the by-laws of a fraternal association provide that a member in arrears for
monthly dues shall forfeit his right to vote at meetings and to share in benefits,
and that insurance provided for by a special assessment shall be paid only to
the widow and heirs of "a member in good standing," a failure to pay dues is
sufficient to defeat a claim for insurance, without proof that the delinquent
was formally expelled.

ASSUMPSIT, for the expenses of the funeral of Alphonse Labranche
and insurance upon his life. Transferred without ruling from the
May term, 1910, of the superior court by *Plummer*, J., on an agreed
statement of facts.

The defendant is a fraternal beneficiary association, providing by
assessments for sick benefits and funeral expenses, and also having
an insurance fund provided by a separate assessment of $1.50 for
each member. As to sick and funeral benefits, the by-laws provide
that "a member who shall fail to pay his dues at the general meet-
ing of each month shall forfeit his right to vote and to the benefits as
long as he shall continue to be in arrears." The insurance provided
by the special assessment of $1.50 per member is payable to the
widow or heirs "of a member in good standing with the society."
There is also a provision for dropping from the rolls members who
are ninety days in arrears on their regular assessments, and one that
the special assessment is "payable within thirty days under penalty
of expulsion."

The plaintiff's intestate was in arrears on both classes of assess-
ments on November 21, 1907, when the society voted to notify all
members that they must pay the special assessment before the next
general meeting to be held December 19. Labranche was notified,
but died December 15 without having paid. At the meeting on
December 19, the names of five others who failed to comply with
the notice were stricken from the rolls. No action was taken as to
Labranche's membership until after January, 1908.

The records of the society show that the provisions of the by-laws
governing the payment of dues and special assessments have not
been strictly enforced, that names of members in arrears have been
carried on the books, and that the procedure adopted was to report
this fact to a regular meeting, when it would be voted that they be
notified to pay. If they then refused to pay, the fact would be

reported to the next meeting, when the delinquents would be expelled.

*Henry A. Burque* (by brief and orally), for the plaintiff.

*Hosea W. Parker*, for the defendant.

PEASLEE, J. As to the funeral benefit, the plaintiff concedes that he cannot recover unless there has been a waiver of the provisions in the defendant's by-laws; but as to the insurance provided by the special assessment, he contends that he is entitled to recover in any event because the only penalty provided for the non-payment of this assessment is expulsion from the society, and no such action had been taken. The fallacy in this position lies in its failure to take into account all the conditions imposed upon one claiming to recover the insurance. If the member failed to pay this special assessment, the society might expel him, but until it did so the non-payment did not affect his rights. This was a part of the insurance contract, but it was not the whole agreement. The money was payable only to the representatives of "a member in good standing with the society." If for any cause his good standing was lost, the claim to the insurance was lost also. In addition to his agreement to pay the special assessments, he was under obligation to pay his regular monthly dues. If he became in arrears as to these, he was deprived of his right to vote in the society's meetings and of any claim to sick or funeral benefits. To use the language of the by-laws, he was not "a member in good standing with the society." No action on the part of the society was necessary to make the provision operative. Failure to pay created the condition described and deprived the member of the benefits until he paid up his arrearages. It deprives the plaintiff of the funeral benefits by virtue of the condition which he admits applies to the situation; and it deprives him of the insurance through the proviso that a participant therein must claim through a member in good standing. On neither branch of the case can there be a recovery unless there has been a waiver.

It is well settled that a by-law providing for the suspension of a person insured for non-payment of assessments or premiums may be waived. *Lally* v. *Insurance Co.*, 75 N. H. 188; *Salvail* v. *Foresters*, 70 N. H. 635. The question of waiver is one of fact and is not stated as a part of the agreed case.

The facts that no action had ever been taken by the society to suspend a member until after notice, and that the names of members in arrears for monthly dues were carried upon the books, do not settle the controversy. No action by the society was necessary to create a suspension, and members who were in arrears for dues were suspended by virtue of that fact alone. While suspended, their names were properly kept on the books. They were still members, though not members in good standing. It does not appear how long the society had been in existence, nor whether its business had been such that occasions for action upon the cases of delinquents had been numerous. It is not stated that Labranche knew of or relied upon the practice to disregard the by-laws. The action taken by the society in November, whereby members in arrears were given until December 19 to pay their arrearages, related to expulsion for failure to pay special assessments only. It had no bearing upon the suspension of members for other delinquencies. In short, the agreed case merely states facts from which the essential fact of waiver might be found.

As the case stands, there should be judgment for the defendant. Whether, upon an application in the nature of a petition for a new trial, the plaintiff should be relieved from his agreement and granted a trial of the fact on the question of waiver, is a matter to be determined by the superior court. *Dame* v. *Woods*, 73 N. H. 391.

*Case discharged.*

All concurred.