**GULF PIPE LINE CO. et al. v. THOMASON.**
**(No. 2106.)**

Court of Civil Appeals of Texas. El Paso.
Oct. 27, 1927.

Rehearing Denied Nov. 17, 1927.

**1. Easements ⬅═➡42—Extent and nature of easement depends on construction of language of conveyance.**

Determination of extent and nature of easements created or reserved in express terms depends upon proper construction of language used in instrument of conveyance.

**2. Easements ⬅═➡50—Patrolling on horseback of long pipe line carrying 1,000 barrels of oil per hour held reasonable use of patrolling privilege under easement providing compensation for damages to crops and land.**

Patrolling of pipe line on horseback *held* reasonable use of privilege granted under easement of right of way for pipe lines and of right of ingress and egress to construct and maintain pipe lines, where total line was many hundreds of miles in length, carrying oil at rate of more than 1,000 barrels per hour, and men patrolling line were required to carry heavy tools, and where grant specifically provided for compensation to owner for damages to crops and land.

**3. Easements ⬅═➡61(6)—Temporary injunction preventing company from entering plaintiff's land to repair pipe lines under easement, except on foot, held erroneous as practically preventing repair.**

In action by landowner to enjoin trespasses by pipe line company to whom he had granted right of way easement for construction and maintenance of pipe lines, injunction preventing company from crossing plaintiff's land except on foot, without provision for going upon land in case of emergency, *held* erroneous as practically preventing repair of pipe line.

**4. Easements ⬅═➡64—Company operating pipe line under easement is liable to landowner for damages resulting from break in line.**

Company operating pipe line is liable as matter of law for damages to landowner resulting from break in pipe line operated under grant of right of way easement.

**5. Easements ⬅═➡50—Patrolling of pipe lines maintained under easement should be done in most expeditious manner possible, without unreasonably injuring servient estate.**

Patrolling of pipe lines, where necessary under grant of right of way easement to construct and repair pipe lines, should be done in most expeditious manner possible without injuring servient estate.

Appeal from District Court, Martin County; Chas. L. Klapproth, Judge.

Suit by W. A. Thomason against the Gulf Pipe Line Company and others for an injunction and damages. Judgment overruling defendants' motion to dissolve a temporary injunction, and defendants appeal. Reversed and rendered.

J. M. Caldwell, of Midland, and David W. Stephens, of Fort Worth, for appellants.

Allen Reed, of Dallas, for appellee.

PELPHREY, C. J. Appellee filed suit in the district court of the Seventieth judicial district of Texas against the Gulf Pipe Line Company and the Gulf Production Company, for the sum of $1,000 damages alleged to have been done to his property by the agents of appellants, by reason of their crossing over his land on horseback and in automobiles. He further alleged that the agents of appellants are doing irreparable injury to his land and crops; that they are continuing the trespassing each day, and will so continue unless restrained. He prays for a temporary injunction restraining appellants or their agents from crossing his premises with an automobile, horseback, or in any other manner than on foot, and that said injunction, upon hearing, be made permanent.

The court granted the temporary injunction in all things prayed for in the petition of appellee.

Appellants filed a motion to dissolve said injunction, which was upon a hearing by the court overruled, and the injunction continued until the next term of the district court of Martin county, Tex. From the judgment overruling their motion to dissolve the injunction, they have appealed to this court.

Opinion.

Appellants base their right for a reversal of this case on the following proposition:

"Where a pipe line company, a common carrier, has, for valuable consideration, acquired a right of way easement by express grant from the owner of real estate to construct, maintain, and operate pipe lines and telegraph and telephone lines over such property, and such grant specifically states that grantees shall have the right to do what ever may be requisite for the enjoyment of the rights granted by such instrument, including the right of ingress and egress to and from said tract of land, for the purpose of maintaining such pipe lines and telegraph and telephone lines, grantees may enter the property in whatever manner may be necessary to the efficient operation of their business, and the owner of servient estate will be restricted to an action at law for the damages, if any, he has suffered by reason of such entrance by said pipe line company."

That portion of the grant of right of way pertinent to the question before us reads as follows:

"Know all men by these presents: That, in consideration of twenty-five and no/100 dollars, this day paid to W. A. Thomason and wife, Mrs. W. A. Thomason, by Gulf Pipe Line Company and Gulf Production Company, the receipt whereof is hereby acknowledged, we do hereby grant and convey unto the said companies, their successors and assigns, a right of way over the land hereinafter described, and the right to con-

---

struct, maintain, and operate thereon pipe lines for the conveyance or transportation of oil, gas, water, steam, or any other material or substance which can be conveyed through a pipe line, or any one or more of said substances; and also the right to construct, maintain, and operate a telegraph and telephone line on such right of way; said right of way being through and upon that certain tract of land situated in Martin county, state of Texas, and described as follows: "West one-half of east one-half of section 25, block 36, township 1 south of Texas & Pacific Railroad survey. The grantees herein shall have the right to select the route to be followed by said pipe line and telegraph and telephone line. The grantees herein, and their successors and assigns, shall have the right to do whatever may be requisite for the enjoyment of the rights herein granted, including the right of clearing said right of way of timber, and of ingress and egress to and from said tract of land, for the purpose of laying, maintaining, repairing, renewing, changing the size of, and restoring of said pipe lines, and said telegraph and telephone lines, and for the removal of same when desired by the grantees, their successors or assigns.

"The above-recited consideration is received in all satisfaction of every right hereby granted; but it is agreed that, within a reasonable time after the completion of said line or lines, the grantees obligate themselves to pay the grantors all actual damages to crops, fences, and timber caused by the construction of said line or lines, and thereafter to pay all actual damages to crops, timber, and fences done by them to such, and any damage to any land of the grantors, caused by reason of the operation, repair, or removal of said line or lines."

There are two questions which present themselves to us for determination in our decision of this case:

(1) Is patrolling a necessary incident to the enjoyment of the grant made?

(2) Is the patrolling of the pipe line on horseback a reasonable use of the privilege granted in the agreement of the parties?

[1] That appellants have a right to patrol said pipe line is agreed to by the parties, but appellee contends that such patrolling should be done by footmen, while appellants claim a right to patrol it by means of horses.

Like in deeds, the determination of the extent and nature of easements granted or reserved in express terms depends upon the proper construction of the language used in the instrument of conveyance. 19 Corpus Juris, pp. 907, 8, 9.

An examination of the agreement in the case at bar, clearly shows that it was in the contemplation of the parties, at the time the agreement was made, that damages to the crops, timber, fences, and land might and probably would arise from the operation, repair, and removal of said lines; and we find the appellants agreeing to pay all actual damages to crops, timber, fences, and land, after the completion of the lines, occasioned by the operation, repair, or removal of the line or lines.

We further find that the right of ingress and egress to and from the tract of land, for the purpose of laying, maintaining, repairing, renewing, changing the size of, restoring, and removing the lines, was expressly provided for. This brings us to a consideration of the second question.

[2] "Reasonable" is a relative term, and what is reasonable depends upon the facts of each particular case. "A reasonable use" had been said to be one which does not unreasonably prejudice the rights of others. Town of Rindge v. Sargent, 64 N. H. 294, 9 A. 723, 724. In 19 Corpus Juris, p. 975, we find the following rule laid down as to the use of easements:

"And the owner of a right or reservation of way over the land of another is limited in its use to the terms of the grant from which the way is derived. The use is in no case fixed by user, as in the case of ways acquired by prescription. The grantees of the right of way are not entitled to burden the land of the grantor over which the way is granted to any greater extent than is warranted by the language of the grant. Also the use must be reasonable so as not unnecessarily to injure the rights of the other party. * * * It may be used for all the ordinary purposes of a way, subject to the general rule that the use must be reasonable; for it is well settled that, where a right of way is granted in general terms, no right in, or power over, the land but what is necessary to its reasonable enjoyment is conferred. The grantee is entitled to vary his mode of enjoying the same, and from time to time to avail himself of modern inventions if by so doing he can more fully exercise or carry out the object for which the way was granted. * * * What shall be deemed a reasonable and proper use of a right of way depends largely on the local situation and on public usage, and also upon the nature and condition of the premises over which the way is granted."

We find in the case at bar that the pipe line in question is part of a line many hundreds of miles in length, through which oil is being pumped at a rate of more than 1,000 barrels per hour, that the telephone line is used by appellants between the field and Fort Worth to keep a check on the progress of the oil through the pipe line, and that the men patrolling the said lines are required to carry tools with them which weigh 20 pounds or more. From the rules above stated and under the facts of this particular case, we think the use of horses, for patrolling would be reasonable, and especially would this be true in the case of a pipe line where the owners are liable for damages caused by the escape of oil regardless of their negligence. Texas Co. v. Earles (Tex. Civ. App.) 164 S. W. 28; Texas Co. v. Giddings (Tex. Civ. App.) 148 S. W. 1142.

[3, 4] The order of the court in enjoining the appellants from entering or crossing the land of appellee in any other manner than on foot was contrary to the right granted, be-

cause the court made no provision in said order for going upon the land in case of an emergency by other means than on foot. That, in case of a break in said pipe line, appellants would be practically helpless in repairing same, if they were limited to entering the land only on foot, needs no discussion; and in such case damages to the land of appellee would naturally result, and appellants would be liable therefor as a matter of law, as well as under the contract.

[5] Our opinion is that patrolling the lines is necessary, was contemplated by the parties, and should be done in the most expeditious manner possible without unreasonably injuring the servient estate; and we further are of the opinion that the use of horses is a reasonable manner in which to do said patrolling.

The above conclusions require that the order of the trial court overruling the motion to dissolve the temporary injunction be reversed and that said motion be here sustained and the injunction dissolved; and it is so ordered.

Reversed and rendered.